1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

| ANDREW RUTHERFORD, | NO. |
|---|---|
| Plaintiff, | King County Superior Court |
| v. | Cause No.: 09-2-32863-3 SEA |
| JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN CHIN, MICHAEL BOGGS, individually, and in his official capacity, CITY OF SEATTLE, a municipal corporation of the State of Washington, | VERIFICATION OF STATE COURT RECORDS |
| Defendants. | |

**VERIFICATION**

The undersigned hereby declares the following:

1.   The undersigned is counsel of record for Defendants the City of Seattle, and Seattle Police Officers Jason McKissack, Joshua Rurey, Nathan Patterson, Jonathan Chin, and Michael Boggs.

2.   Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No. 09-2-32863-3 SEA:

VERIFICATION OF STATE COURT RECORDS - 1

09-2-32863-3
3019-030702 463965

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

| Exhibit | Document |
|---|---|
| 1 | Plaintiff's Complaint for Damages |
| 2 | Order Setting Civil Case Schedule |
| 3 | Case Information Cover Sheet(s)<br>Area Designation |
| 4 | Summonses |
| 5. | Plaintiff's First Amended Complaint for Damages |
| 6. | Notice of Appearance<br>Defendant City of Seattle |
| 7. | King County Superior Court Docket |

DATED this 30th day of November, 2009.

STAFFORD FREY COOPER

By: /s/ Tobin E. Dale via ECF
Ted Buck, WSBA #22029
Tobin E. Dale, WSBA #29595
Attorneys for Defendants

VERIFICATION OF STATE COURT RECORDS - 2

09-2-32863-3
3019-030702 463965

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101 1374
TEL 206.623.9900  FAX 206.624.6885

1

Certificate of Service

2

3      I certify that on the date noted below I electronically filed this document entitled
VERIFICATION OF STATE COURT RECORDS with the Clerk of the Court using the
CM/ECF system which will send notification of such filing to the following persons:

4

5      Jay H. Krulewitch
thekrule@aol.com
710 Second Avenue, Suite 700

6      Seattle, WA  98104
(206) 233-0828

7      FAX: (206) 628-0794
       *Attorneys for Plaintiff Andrew*

8      *Rutherford*

9

and I certify that I have caused to be served in the manner noted below a copy of the

10     above-listed document to the following non CM/ECF participants:

11     [ ]   Via Facsimile
       [ ]   Via First Class Mail

12     [X]  Via Messenger

13          DATED this 30th day of November, 2009, at Seattle, Washington.

14

15                                    /s/ Tobin E. Dale via ECF

16

17

18

19

20

21

22

23

VERIFICATION OF STATE COURT RECORDS - 3

09-2-32863-3
3019-030702 463965

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

**Exhibit 1**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ANDREW RUTHERFORD,<br><br>Plaintiff<br><br>vs.<br><br>JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN CHIN, MICHAEL BOGGS individually, and in his official capacity, CITY OF SEATTLE, a municipal corporation of the State of Washington,<br><br>Defendants. | NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, Andrew Rutherford, by and through his attorney, Jay H. Krulewitch, and alleges as follows:

## I. JURISDICTION

    1.1    This Court has concurrent jurisdiction over plaintiffs' federal civil rights claims under Title 42, United States Code § 1983.

    1.2    This Court has jurisdiction over plaintiffs' state law claims and over defendants as to such claims.

    1.3    The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the state of Washington.

PLAINTIFF'S COMPLAINT
FOR DAMAGES - 1

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1.4     Plaintiffs are residents and citizens of the state of Washington.

II.     VENUE

2.1     Venue is predicated upon the fact that the acts complained of occurred in King County, Washington.

III.    PARTIES

3.1     Plaintiff Andrew Rutherford is a single male person who, at all times material to this action, resided in the City of Seattle, in King County, Washington.

3.2     Defendant Jason McKissack, at all times material to this cause of action, was employed as a police officer for the City of Seattle, Washington, acting under color of state law, and pursuant to his authority as a police officer. He is being sued in his official and his individual capacity.

3.3     Defendant Joshua Rurey, at all times material to this cause of action, was employed as a police officer for the City of Seattle, in King County Washington, acting under color of state law, and pursuant to his authority as a police officer. He is being sued in his official and his individual capacity.

3.4     Defendant Nathan Patterson, at all times material to this cause of action, was employed as a police officer for the City of Seattle, in King County Washington, acting under color of state law, and pursuant to his authority as a police officer. He is being sued in his official and his individual capacity.

3.5     Defendant Michael Boggs, at all times material to this cause of action, was employed as a police officer for the City of Seattle, in King County Washington, acting under color of state law, and pursuant to his authority as a police officer. He is being sued in his official and his

**PLAINTIFF'S COMPLAINT
FOR DAMAGES - 2**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1    individual capacity.

2        3.6    Defendant Jonathan Chin, at all times material to this cause of action, was

3    employed as a police officer for the City of Seattle, in King County Washington, acting under color

4    of state law, and pursuant to his authority as a police officer.  He is being sued in his official and his

5    individual capacity.

6        3.7    The City of Seattle, at all times material to the cause of action, has been a

7    legitimate municipal city government or political subdivision recognized under the laws of the State

8    of Washington, acting under color of state law.  The City of Seattle Police Department is an agency

9    of the City of Seattle, duly authorized to provide law enforcement services to the citizens of the City

10   of Seattle, in the State of Washington.

11       IV.    FACTUAL BACKGROUND

12       4.1    On September 8, 2007 Mr. Rutherford was working as a videographer for a

13   video shoot for some local musical artists. At approximately 2:00 a.m., Mr. Rutherford was finished

14   working and was given a ride home by Jared Alfonzo, who also offered to take Myo Thant, another

15   friend of Mr. Rutherford's, home. Mr. Alfonzo decided to take Mr. Thant home first, followed by

16   Mr. Rutherford.  The three friends left from the Capital Hill area of Seattle.  Mr. Alfonzo proceeded

17   to drive onto the West Seattle Freeway, took the Delridge Way S.W. Exit, and eventually made his

18   way to Andover Street, a dead-end street, to drop off Mr. Thant.  Mr. Rutherford was in the front

19   passenger seat, Mr. Thant was in the rear seat, and Mr. Alfonzo was the driver.

20       4.2    As the three friends approached Mr. Thant's home to drop him off, which

21   was on Andover Street, they parked in front of Mr. Thant's house and began to exit the vehicle.  At

22   that time, Mr. Thant had exited first and was talking to someone who had parked behind his vehicle.

**PLAINTIFF'S COMPLAINT
FOR DAMAGES - 3**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

Mr. Alfonzo and Mr. Rutherford then exited and began to walk towards the entrance of Mr. Thant's house when they heard Mr. Thant talking to this other person. Mr. Alfonzo and Mr. Rutherford thought Mr. Thant knew this person. This person was not in any kind of uniform, nor was he driving a designated Seattle Police Department Patrol Vehicle. At this time, they had no idea he was a Seattle Police Officer. Mr. Rutherford later learned that this person was Jonathan Chin.

4.3     All of a sudden, Mr. Thant was thrown onto the hood of the vehicle. At this point, both Mr. Alfonzo and Mr. Rutherford began to ask what was going on? Then this person, drew his gun and pointed it at both Mr. Alfonzo and Mr. Rutherford. At this point, this person said he was a Seattle Police Officer and told Mr. Alfonzo and Mr. Rutherford to sit down on the ground right where they were, which, for Mr. Rutherford, happened to be in the middle of the street. Mr. Alfonzo sat down on the side of the street, but not far from Mr. Rutherford. At this point, this person, Jonathan Chin was on his phone making a call.

4.4     The next thing Mr. Rutherford knew, police lights were coming over the hill. A police vehicle was coming towards them at a high rate of speed and Mr. Rutherford was worried that he was going to be hit by this vehicle. So, Mr. Rutherford stood up to move over to the side of the street. At that point, one or more Seattle Police Officers grabbed Mr. Rutherford and told him to get back on the ground. As Mr. Rutherford was trying to comply with that request, all of a sudden, he began to feel all sorts of blows, hitting him in the head, face, chest, and legs, which were coming from one or more Seattle Police Officers. There were a lot of bodies on top of Mr. Rutherford, pinning him down. Mr. Rutherford's head felt like it was being crushed or physically smashed into the ground. For a brief time, Mr. Rutherford passed out and was unconscious.

4.5     Next, Mr. Rutherford was pulled up from the ground. Then Mr. Rutherford

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

was put in handcuffs.  Mr. Rutherford was examined by one or more officials with the Seattle Fire Department.  Sometime after the fire department officials completed their examinations, he was taken to Harborview Medical Center by ambulance for further examination and treatment.  While being transported to Harborview, Mr. Rutherford's arms and legs were restrained as he was on the Gurney.  Sometime after he was transported to Harborview Medical Center, Mr. Rutherford was released from the restraints on his arms and legs. Eventually, he was released from Harborview Medical Center.

4.6     As a result of this incident, Mr. Rutherford suffered a variety of physical injuries and other damages.

4.7     As a result of this incident, Mr. Rutherford was prosecuted by the City of Seattle Attorney's Office for a charge of Obstructing a Public Servant under Case Number 512269, which was filed in Seattle Municipal Court.  Despite the efforts of his attorney to get this matter dismissed, the City of Seattle Attorney's Office refused to dismiss the case against Mr. Rutherford until just prior to trial.  Mr. Rutherford was arraigned on this criminal case on or about November 20, 2007.  This criminal case was dismissed on or about July 17, 2008.

4.8     Mr. Rutherford filed a timely notice of claim against the City of Seattle on or about February 12, 2009.

V.      FIRST CAUSE OF ACTION: UNCONSTITUTIONAL ARREST AND IMPRISONMENT OF PLAINTIFF UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. SECTION 1983

5.1     Plaintiff repleads the allegations contained in paragraphs 1 through 16 of this complaint, and incorporates the same by reference as if fully set forth herein.

5.2     The acts and omissions of defendants herein were done under color of state

**PLAINTIFF'S COMPLAINT**
**FOR DAMAGES - 5**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

law, a policy, custom, and/or usage.

5.3    Andrew Rutherford was wrongfully detained and taken into physical custody in violation of his federally-protected right, under the Fourth Amendment, to be free from such a wrongful arrest and seizure of his person without probable cause.

5.4    The acts and omissions of defendants herein proximately caused the deprivation of Mr. Rutherford's Fourth Amendment rights.

5.5    Defendants Jason McKissack, Joshua Rurey, Nathan Patterson, Jonathan Chin and Michael Boggs were acting in concert with the Defendant Seattle Police Officers (described above).  As a result, Defendants McKissack, Rurey, Patterson, Chin and Boggs, as well as their employer, Seattle Police Department, are also liable for violating Mr. Rutherford's right to be free from such a wrongful injuries and seizure of his person without probable cause.

5.6    As a result of the acts and omissions of defendants and the deprivation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered personal injuries including, but not limited to physical injuries, mental anguish, emotional distress, pain and suffering, punitive damages, reasonable attorney's fees, costs, and other damages as allowed by law.

VI.    SECOND CAUSE OF ACTION: VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE UNDER42 U.S.C. SECTION 1983

6.1    Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 22.

6.2    The acts and omissions of defendants herein were done under color of state law, a policy, custom or usage.

6.3    Andrew Rutherford had a federally-protected right, under the Fourth

**PLAINTIFF'S COMPLAINT
FOR DAMAGES - 6**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1   Amendment, not to be subjected to the use of unreasonable force against his person.

2           6.4   The acts and omissions of defendants herein proximately caused the

3   deprivation of Mr. Rutherford's Fourth Amendment rights by inflicting unreasonable force against

4   his person.

5           6.5   As a proximate result of the acts and omissions of defendants and the

6   deprivation of plaintiff's Fourth Amendment rights, plaintiff has suffered personal injuries including

7   physical injuries, mental anguish, emotional distress, pain and suffering, punitive damages,

8   reasonable attorney's fees, costs, and other damages as allowed by law.

9           VII.    THIRD CAUSE OF ACTION:

10                    FALSE ARREST AND IMPRISONMENT

11           7.1   Plaintiff repleads the allegations contained in paragraphs 1 through 34 of this

12   complaint, and incorporate the same by reference as if fully set forth herein.

13           7.2   Defendants McKissack, Rurey, Patterson, Chin and Boggs committed the

14   common law tort of false arrest and/or false imprisonment against plaintiff by falsely arresting him

15   and imprisoning him without probable cause and/or legal justification to do so, in violation of his

16   rights under the laws, statutes, and Constitution of the State of Washington, causing plaintiff to

17   suffer injuries as a result.

18           7.3   Defendant City of Seattle is liable for the actions of Defendants McKissack,

19   Rurey, Patterson, Chin and Boggs under the doctrine of *respondeat superior*.

20           7.4   As a direct, proximate and foreseeable result of the wrongful actions

21   described above, plaintiff has suffered personal injuries including, but not limited to permanent

22   physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, and other

23   damages as allowed by law.

**PLAINTIFF'S COMPLAINT**
**FOR DAMAGES - 7**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

VIII.   FOURTH CAUSE OF ACTION:
        ASSAULT AND BATTERY

8.1     Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 38.

8.2     Defendants McKissack, Rurey, Patterson, Chin and Boggs wrongfully assaulted and battered plaintiff during the course of the incident.

8.3     Defendant City of Seattle is liable for the actions of Defendants McKissack, Rurey, Patterson, Chin and Boggs under the doctrine of *respondeat superior*.

8.4     As a direct, proximate and foreseeable result of the wrongful actions described above, plaintiff has suffered personal injuries including, but not limited to permanent physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, and other damages as allowed by law.

IX.     FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION

9.1     Plaintiff repleads the allegations contained in paragraphs 1 through 42 of this complaint and incorporates the same by reference as if fully set forth herein.

9.2     Plaintiff has a right to be free from malicious prosecution.  The City of Seattle committed the tort of Malicious Prosecution where a) the prosecution of Mr. Rutherford was malicious and was instituted by defendant City of Seattle, b) there was a lack of probable cause for the institution or continuation of this prosecution, c) these proceedings were instituted or continued through malice, d) these proceedings were terminated on the merits or abandoned in favor of Mr. Rutherford, and e) Mr. Rutherford suffered injuries and damages as a result of this prosecution.

9.3     As a direct and proximate result of defendant City of Seattle's malicious prosecution of Mr. Rutherford in this matter, he has suffered personal injuries including, but not

**PLAINTIFF'S COMPLAINT**
**FOR DAMAGES - 8**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1  limited to, pain and suffering, emotional distress, loss of enjoyment of life, and other damages as

2  allowed by law.

3          X.      PRAYER FOR RELIEF

4          WHEREFORE, Plaintiff Andrew Rutherford prays for the following relief, jointly and

5  severally, against all of the above-named defendants:

6                  A)      Full Compensatory Damages including, but not limited to, physical

7  injuries, pain and suffering, emotional distress, loss of enjoyment of life, and other damages as

8  allowed by law;

9                  B)      Punitive damages pursuant to 42 U.S.C. §1983, §1988, and related

10 statutes, and where allowed under the Washington Constitution, statutes, and case law;

11                 C)      Reasonable Attorneys' Fees pursuant to 42 U.S. C.  §1988, and/or

12 Washington Statutes and/or case law;

13                 D)      Costs;

14                 E)      Prejudgment Interest;

15                 F)      And for such other and further relief to be proven as the time of trial

16 and as the court deems just and equitable.

17

18

19         DATED this  4th  day of September, 2009.

20                         JAY H. KRULEWITCH, ATTORNEY AT LAW

21

22         By _____
                   Jay H. Krulewitch WSBA# 17612
23                 Attorney for Plaintiff

**PLAINTIFF'S COMPLAINT**
**FOR DAMAGES - 9**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

**Exhibit 2**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Rutherford | | NO. 09-2-32863-3    SEA |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| | Plaintiff(s) | |
| vs | | |
| McKissack | | ASSIGNED JUDGE  Barnett              46 |
| | | FILE DATE:              09/04/2009 |
| | Defendant(s) | **TRIAL DATE:          02/28/2011** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____   |   _____

        Print Name                        Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08    1

I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | | Filing Needed |
|---|---|---|---|
| Case Filed and Schedule Issued. | Fri | 09/04/2009 | ★ |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Fri | 02/12/2010 | ★ |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Fri | 02/12/2010 | ★ |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | Fri | 02/26/2010 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | Mon | 09/27/2010 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | Mon | 11/08/2010 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon | 11/22/2010 | ★ |
| **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(d)(2)*] | Mon | 11/22/2010 | ★ |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon | 01/10/2011 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon | 01/31/2011 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | Mon | 02/07/2011 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*] | Mon | 02/07/2011 | ★ |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon | 02/14/2011 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Tue | 02/22/2011 | ★ |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue | 02/22/2011 | ★ |
| Trial Date [*See KCLCR 40*]. | Mon | 02/28/2011 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**DATED:**   09/04/2009

*[signature]*

**PRESIDING JUDGE**

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

### C.   Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

**Exhibit 3**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

SUPERIOR COURT OF WASHINGTON
COUNTY OF KING

| | |
|---|---|
| Rutherford | NO. 09-2-32863-3 SEA |
| VS | |
| McKissack | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

CAUSE OF ACTION

**(PIN) -** TORT, NON-MOTOR VEHICLE

AREA DESIGNATION

**SEATTLE -** Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

# CASE TYPE 2
## KING COUNTY SUPERIOR COURT
### CASE INFORMATION COVER SHEET

**Case Number** _____   **Case Title** Rutherford v McKissack et al.

**Attorney Name** Jay H. Krulewitch **Bar Membership Number** 17612

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

**APPEAL/REVIEW**
___ Administrative Law Review (ALR 2)
___ Appeal of a Department of Licensing Revocation (DOL 2)
___ Civil, Non-Traffic (LCA 2)
___ Civil, Traffic (LCI 2)

**CONTRACT/COMMERCIAL**
___ Breach of Contract (COM 2)
___ Commercial Contract (COM 2)
___ Commercial Non-Contract (COL 2)
___ Third Party Collection (COL 2)

**MERETRICIOUS RELATIONSHIP**
___ Meretricious Relationship (MER 2)

**PROTECTION ORDER**
___ Civil Harassment (HAR 2)
___ Domestic Violence (DVP 2)
___ Foreign Protection Order (FPO 2)
___ Sexual Assault Protection (SXP 2)
___ Vulnerable Adult Protection (VAP 2)

**JUDGMENT**
___ Abstract Only (ABJ 2)
___ Foreign Judgment (FJU 2)
___ Judgment, Another County (ABJ 2)
___ Judgment, Another State (FJU 2)
___ Tax Warrant (TAX 2)
___ Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
___ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
___ Change of Name (CHN 2)
___ Deposit of Surplus Funds (MSC 2)
___ Emancipation of Minor (EOM 2)
___ Injunction (INJ 2)
___ Interpleader (MSC 2)
___ Malicious Harassment (MHA 2)
___ Minor Settlement (No guardianship) (MST 2)
___ Petition for Civil Commitment (Sexual Predator)(PCC 2)
___ Property Damage-Gangs (PRG 2)

___ Seizure of Property from Commission of Crime (SPC 2)
___ Seizure of Property Resulting from a Crime (SPR 2)
___ Subpoenas (MSC 2)

**PROPERTY RIGHTS**
___ Condemnation (CON 2)
___ Foreclosure (FOR 2)
___ Land Use Petition (LUP 2)
___ Property Fairness (PFA 2)
___ Quiet Title (QTI 2)
___ Unlawful Detainer (UND 2)

**TORT, MEDICAL MALPRACTICE**
___ Hospital (MED 2)
___ Medical Doctor (MED 2)
___ Other Health Care Professional (MED 2)

**TORT, MOTOR VEHICLE**
___ Death (TMV 2)
___ Non-Death Injuries (TMV 2)
___ Property Damage Only (TMV 2)
___ Victims of Motor Vehicle Theft (VVT 2)

**TORT, NON-MOTOR VEHICLE**
___ Asbestos (PIN 2)
___ Other Malpractice (MAL 2)
_X_ Personal Injury (PIN 2)
___ Products Liability (TTO 2)
___ Property Damage (PRP 2)
___ Wrongful Death (WDE 2)

**WRIT**
___ Habeas Corpus (WHC 2)
___ Mandamus (WRM 2)
___ Restitution (WRR 2)
___ Review (WRV 2)
___ Miscellaneous Writs (WMW 2)

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW.**

_____

_____

**APPEAL/REVIEW**

**Administrative Law Review**-Petition to the superior court for review of rulings made by state administrative agencies.

**Appeal of a Department of Licensing Revocation**-Appeal of a DOL revocation (RCW 46.20.308(9)).

**Lower Court Appeal-Civil**-An appeal for a civil case; excludes traffic infraction and criminal matters.

**Lower Court Appeal-Infractions**-An appeal for a traffic infraction matter.

**CONTRACT/COMMERCIAL**

**Breach of Contract**-Complaint involving monetary dispute where a breach of contract is involved.

**Commercial Contract**-Complaint involving monetary dispute where a contract is involved.

**Commercial Non-Contract**-Complaint involving monetary dispute where no contract is involved.

**Third Party Collection**-Complaint involving a third party over a monetary dispute where no contract is involved.

**MERETRICIOUS RELATIONSHIP**

**Meretricious Relationship**-Petition for distribution of property from a meretricious relationship (i.e., a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist).

**PROTECTION ORDER**

**Civil Harassment**-Petition for protection from civil harassment.

**Domestic Violence** -Petition for protection from domestic violence.

**Foreign Protection Orders**-Any protection order of a court of the United States, or of any state, territory, or tribal land, which is entitled to full faith and credit in this state.

**Sexual Assault Protection** - Petition under RCW 7.90.020.

**Vulnerable Adult Protection**-Petition for protection order for vulnerable adults, as those persons are defined in RCW 74.34.020.

**JUDGMENT**

**Abstract Only**-A certified copy of a judgment docket from another superior court, an appellate court, or a federal district court.

**Foreign Judgment**-Any judgment, decree, or order of a court of the United States, or of any state or territory, which is entitled to full faith and credit in this state.

**Judgment, Another County**-A certified copy of a judgment docket from another superior court within this state.

**Judgment, Another State**-Any judgment, decree, or order from another state which is entitled to full faith and credit in this state.

Tax Warrant-A notice of assessment by a state agency creating a judgment/lien in the county in which it is filed.

**Transcript of Judgment**-A certified copy of a judgment from a court of limited jurisdiction to a superior court in the same county.

**OTHER COMPLAINT/PETITION**

**Action to Compel/Confirm Private Binding Arbitration**-Petition to compel or confirm private binding arbitration.

**Change of Name**-Petition for a change of name. If change is confidential due to domestic violence/antiharassment see case type 5 instead.

**Deposit of Surplus Funds**-Deposit of money or other item with the court.

**Emancipation of Minor**-Petition by a minor for a declaration of emancipation.

**Injunction**-Complaint/petition to require a person to do or refrain from doing a particular thing.

**Interpleader**-Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).

**Malicious Harassment**-Suit involving damages resulting from malicious harassment.

**Minor Settlements**-Petition for a court decision that an award to a minor is appropriate when no letters of guardianship are required (e.g., net settlement value $25,000 or less).

**Petition for Civil Commitment (Sexual Predator)**-Petition for the involuntary civil commitment of a person who 1) has been convicted of a sexually violent offense whose term of confinement is about to expire or has expired, 2) has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial who is about to be released or has been released, or 3) has been found not guilty by reason of insanity of a sexually violent offense and who is about to be released or has been released, and it appears that the person may be a sexually violent predator.

**Property Damage-Gangs**-Complaint involving damage to property related to gang activity.

**Seizure of Property from the Commission of a Crime**-Seizure of personal property which was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.

**Seizure of Property Resulting from a Crime**-Seizure of tangible or intangible property which is the direct or indirect result of a crime, from a defendant following criminal conviction (e.g., remuneration for, or contract interest in, a depiction or account of a crime).

**Subpoenas**-Petition for a subpoena.

**PROPERTY RIGHTS**

**Condemnation**-Complaint involving governmental taking of private property with payment, but not necessarily with consent.

**Foreclosure**-Complaint involving termination of ownership rights when a mortgage or tax foreclosure is involved, where ownership is not in question.

**Land Use Petition**-Petition for an expedited judicial review of a land use decision made by a local jurisdiction (RCW 36.70C.040).

**Property Fairness**-Complaint involving the regulation of private property or restraint of land use by a government entity brought forth by Title 64 RCW.

**Quiet Title**-Complaint involving the ownership, use, or disposition of land or real estate other than foreclosure.

**Unlawful Detainer**-Complaint involving the unjustifiable retention of lands or attachments to land, including water and mineral rights.

**TORT, MEDICAL MALPRACTICE**

**Hospital**-Complaint involving injury or death resulting from a hospital.

**Medical Doctor**-Complaint involving injury or death resulting from a medical doctor.

**Other Health Care Professional**-Complaint involving injury or death resulting from a health care professional other than a medical doctor.

**TORT, MOTOR VEHICLE**

**Death**-Complaint involving death resulting from an incident involving a motor vehicle.

**Non-Death Injuries** -Complaint involving non-death injuries resulting from an incident involving a motor vehicle.

**Property Damage Only**-Complaint involving only property damages resulting from an incident involving a motor vehicle.

**TORT, NON-MOTOR VEHICLE**

**Asbestos**-Complaint alleging injury resulting from asbestos exposure.

**Other Malpractice**-Complaint involving injury resulting from other than professional medical treatment.

**Personal Injury**-Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.

**Products Liability**-Complaint involving injury resulting from a commercial product.

**Property Damages**-Complaint involving damage to real or personal property excluding motor vehicles.

**Wrongful Death**-Complaint involving death resulting from other than professional medical treatment.

**WRIT**

**Writ of Habeas Corpus**-Petition for a writ to bring a party before the court.

**Writ of Mandamus**-Petition for writ command-ing performance of a particular act or duty.

**Writ of Restitution**-Petition for a writ restoring property or proceeds; not an unlawful detainer petition.

**Writ of Review**-Petition for review of the record or decision of a case pending in the lower court; does not include lower court appeals or administrative law reviews.

**Miscellaneous Writs**

# CASE TYPES 3 - 6

## _____ COUNTY SUPERIOR COURT

CASE INFORMATION COVER SHEET

**Case Number** _____ **Case Title** _____

**Attorney Name** _____ **Bar Membership Number** _____

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

**DOMESTIC RELATIONS**
- ___ Annulment/Invalidity  (INV 3)
- ___ Child Custody  (CUS 3)
- ___ Dissolution with Children  (DIC 3)
- ___ Dissolution with no Children  (DIN 3)
- ___ Dissolution of Domestic Partnership with Children (DPC 3)
- ___ Dissolution of Domestic Partnership with No Children (DPN 3)
- ___ Foreign Judgment  (FJU 3)
- ___ Invalidity-Domestic Partnership (INP 3)
- ___ Legal Separation  (SEP 3)
- ___ Legal Separation-Domestic Partnership (SPD 3)
- ___ Mandatory Wage Assignment  (MWA 3)
- ___ Modification (MOD 3)
- ___ Modification: Support Only  (MDS 3)
- ___ Out-of-State Custody  (OSC 3)
- ___ Parenting Plan/Child Support (PPS 3)
- ___ Reciprocal, Respondent in County  (RIC 3)
- ___ Reciprocal, Respondent Out of County  (ROC 3)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**
- ___ Confidential Name Change  (CHN 5)

**MENTAL ILLNESS**
- ___ Alcohol/Drug Treatment  (ALT 6)
- ___ Mental Illness--Adult  (MI 6)
- ___ Mental Illness--Juvenile  (MIJ 6)
- ___ Mental Illness-Other Venue (MIO 6)

**ADOPTION/PATERNITY**
- ___ Adoption  (ADP 5)
- ___ Confidential Intermediary  (MSC 5)
- ___ Initial Pre-Placement Report  (PPR 5)
- ___ Modification  (MOD 5)
- ___ Paternity  (PAT 5)
- ___ Paternity/URESA/UIFSA (PUR 5)
- ___ Relinquishment  (REL 5)
- ___ (Title 26)Termination of Parent-Child Relationship (TER 5)

**PROBATE/GUARDIANSHIP**
- ___ Absentee  (ABS 4)
- ___ Disclaimer  (DSC 4)
- ___ Estate  (EST 4)
- ___ Foreign Will  (FNW 4)
- ___ Guardianship  (GDN 4)
- ___ Guardianship/Estate  (G/E 4)
- ___ Limited Guardianship  (LGD 4)
- ___ Minor Guardianship (MGD 4)
- ___ Minor Settlement (With guardianship)  (MST 4)
- ___ Non-Probate Notice to Creditors  (NNC 4)
- ___ Sealed Will Repository (SWR 4)
- ___ Trust/Estate Dispute Resolution (TDR 4)
- ___ Trust (TRS 4)
- ___ Will Only  (WLL 4)

If you cannot determine the appropriate category, please describe the cause of action below.

_____

_____

## DOMESTIC RELATIONS

**Annulment--Invalidity--**Petition claiming an illegal or invalid marriage.

**Child Custody--**Petition involving the immediate charge and control of a child.

**Dissolution with Children--**Petition to terminate a marriage other than annulment, with children of that marriage.

**Dissolution with no Children--**Petition to terminate a marriage other than annulment, with no children of that marriage.

**Dissolution of Domestic Partnership--With Children--**Petition to terminate a domestic partnership, other than annulment, with children of that domestic partnership.

**Dissolution of Domestic Partnership--With No Children--**Petition to terminate a domestic partnership, other than annulment, with no children of that domestic partnership.

**Foreign Judgment--**A judgment, decree, or order of a court of the United States, or any state or territory, which is entitled to full faith and credit in this state.

**Invalidity--Domestic Partnership--**Petition to invalidate a domestic partnership.

**Legal Separation--**Petition to live separate and apart.

**Legal Separation-Domestic Partnership --** Petition to live separate and apart in a domestic partnership.

**Mandatory Wage Assignment--**Petition for wage assignment.

**Modification--**Petition seeking amendment of a previous order or decree.

**Modification: Support Only--**Petition seeking amendment of a previous order or decree regarding support.

**Out-of-State Custody--**Recording custody established out-of-state.

**Parenting Plan/Child Support--**Petition for Residential Schedule/Parenting Plan/Child Support in circumstances set forth in RCW 26.26.375.

**Reciprocal, Respondent-in-County-**Petition to enforce orders between states under URESA for respondents in the county.

**Reciprocal, Respondent-Out-of-County--**Petition to enforce orders between states under URESA for respondents out of the county.

## DOMESTIC VIOLENCE/ ANTIHARASSMENT

**Confidential Name Change--**Petition for name change, when domestic violence/antiharassment issues require confidentiality.

## MENTAL ILLNESS

**Alcohol/Drug Treatment--**Petition for involuntary treatment for one who is incapacitated by alcohol or drugs.

**Mental Illness--Adult--**Petition for involuntary treatment for an adult who is incapacitated by mental illness.

**Mental Illness--Juvenile--**Petition for involuntary treatment for a juvenile who is incapacitated by mental illness.

**Mental Illness--Other Venue--**Petition to modify or revoke a Less Restrictive Alternative originally issued in another county.

## ADOPTION/PATERNITY

**Adoption--**Petition to establish a new, permanent relationship of parent and child not having that relationship.

**Confidential Intermediary--**Petition to appoint a confidential intermediary to contact the adopted person(s), birth parent(s), or other relative(s).

**Initial Pre-Placement --**An initial pre-placement report filed on a child by the DSHS prior to the filing of adoption papers.

**Modification--**Petition seeking amendment of a previous order or decree.

**Paternity --**Petition to determine the legal status of an alleged biological father.

**Paternity/URESA/UIFSA --**Petition to determine the legal status of an alleged biological father which is filed in conjunction with the reciprocal report entered under the URESA or UIFSA acts.

**Relinquishment--**Petition to relinquish a child to DSHS, an agency, or a prospective adoptive parent.

**(Title 26) Termination of Parent-Child Relationship--**Petition to terminate a parent-child relationship when parent has not executed a written consent.

## PROBATE/GUARDIANSHIP

**Absentee--**Petition to determine the location of absent owner of real or personal property.

**Disclaimer--**Recording a written instrument disclaiming an interest by beneficiaries.

**Estate--**Petition seeking court settlement of a deceased person's property.

**Foreign Will--**Filing of a will for probate that has been proved in another state, territory, or foreign country.

**Guardianship--**Petition to appoint a guardian to manage the affairs of an incompetent or non-resident person.

**Guardianship/Estate--**Petition seeking court settlement for the property of a deceased person who was the ward of a guardian.

**Limited Guardianship--**Petition to appoint a limited guardian with only partial responsibility for the ward's person and/or property, where the ward is not fully incompetent.

**Minor Guardianship--**Petition is based solely on the underage status of the Ward/Minor.

**Minor Settlements--**Petition for a court decision that an award to a minor is appropriate when letters of guardianship are required (e.g., net settlement value is greater than $25,000).

**Non-Probate Notice to Creditors--**The filing of a non-probate notice to creditors in a case in which no probate action is expected (e.g., an estate with a living trust which does not require probate, providing the heirs with an opportunity to start the time period for creditor filing of claims).

**Sealed Will Repository --** Filing a will under seal before a testator's death, as authorized by RCW 11.12.265.

**Trust/Estate Dispute Resolution --** The filing of a dispute in any estate, guardianship, or trust.

**Trust--** A case filed, by order, separately from a guardianship or probate case.

**Will Only--**Filing a will when no further action shall be taken.

**Exhibit 4**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

1

2

3

4

5

6

**IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| 7   ANDREW RUTHERFORD, | NO. |
| 8   Plaintiff | |
| 9   vs. | **SUMMONS** |
| 10   JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN | |
| 11   CHIN, MICHAEL BOGGS individually, and in his official capacity, CITY OF SEATTLE, | |
| 12   a municipal corporation of the State of Washington, | |
| 13 | |
| 14   Defendants. | |

15

16   TO DEFENDANT: Jason McKissack

A lawsuit has been started against you in the above-entitled court by plaintiff Andrew

17

Rutherford in the written complaint, a copy of which is served upon you with this summons.

18

In order to defend against this lawsuit, you must respond to the complaint by stating your

19

defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20

20

days after the service OF summons, excluding the day of service, or a default judgment may be

21

entered against you without notice.  A default judgment is one where the plaintiff is entitled to

22

what thy ask for because you have not responded. If you serve a notice of appearance on the

23

SUMMONSMcKissack - 1

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you OF this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 OF the Superior Court Rules of the State OF Washington.

DATED this _4th_ day of September, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____
Jay H. Krulewitch, WSBA# 17612
Attorney for Andrew Rutherford

SUMMONSMcKissack - 2

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

**IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| ANDREW RUTHERFORD,<br><br>Plaintiff<br><br>vs.<br><br>JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN CHIN, MICHAEL BOGGS individually, and in his official capacity, CITY OF SEATTLE, a municipal corporation of the State of Washington,<br><br>Defendants. | NO.<br><br>**SUMMONS** |

TO DEFENDANT: Joshua Rurey

A lawsuit has been started against you in the above-entitled court by plaintiff Andrew Rutherford in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service OF summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what thy ask for because you have not responded. If you serve a notice of appearance on the

SUMMONS Rurey- 1

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you OF this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 OF the Superior Court Rules of the State OF Washington.

DATED this _4th_ day of September, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____
Jay H. Krulewitch, WSBA# 17612
Attorney for Andrew Rutherford

**SUMMONS Rury- 2**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 625-0794

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

**IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON**

| | |
|---|---|
| ANDREW RUTHERFORD, | NO. |
| Plaintiff | |
| vs. | **SUMMONS** |
| JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN CHIN, MICHAEL BOGGS individually, and in his official capacity, CITY OF SEATTLE, a municipal corporation of the State of Washington, | |
| Defendants. | |

TO DEFENDANT: Nathan Patterson

A lawsuit has been started against you in the above-entitled court by plaintiff Andrew Rutherford in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service OF summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what thy ask for because you have not responded. If you serve a notice of appearance on the

SUMMONS Patterson- 1

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you OF this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 OF the Superior Court Rules of the State OF Washington.

DATED this ____ day of September, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____
Jay H. Krulewitch, WSBA# 17612
Attorney for Andrew Rutherford

**SUMMONS Patterson- 2**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

1

2

3

4

5

6

**IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON**

7   ANDREW RUTHERFORD,                                NO.

8           Plaintiff

                                                      **SUMMONS**
9                   vs.

10  JASON MCKISSACK, JOSHUA RUREY,
    NATHAN PATTERSON, JONATHAN
11  CHIN, MICHAEL BOGGS individually, and
    in his official capacity, CITY OF SEATTLE,
12  a municipal corporation of the State of
    Washington,
13

14          Defendants.

15      TO DEFENDANT: Michael Boggs

16      A lawsuit has been started against you in the above-entitled court by plaintiff Andrew

17  Rutherford in the written complaint, a copy of which is served upon you with this summons.

18      In order to defend against this lawsuit, you must respond to the complaint by stating your

19  defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20

20  days after the service OF summons, excluding the day of service, or a default judgment may be

21  entered against you without notice. A default judgment is one where the plaintiff is entitled to

22  what thy ask for because you have not responded. If you serve a notice of appearance on the

23

**SUMMONS Boggs- 1**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you OF this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 OF the Superior Court Rules of the State OF Washington.

DATED this _4th_ day of September, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____

Jay H. Krulewitch, WSBA# 17612
Attorney for Andrew Rutherford

SUMMONS Boggs- 2

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

1

2

3

4

5

6

## IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

7   ANDREW RUTHERFORD,                          NO.

8              Plaintiff

9                    vs.                         **SUMMONS**

10  JASON MCKISSACK, JOSHUA RUREY,
    NATHAN PATTERSON, JONATHAN
11  CHIN, MICHAEL BOGGS individually, and
    in his official capacity, CITY OF SEATTLE,
12  a municipal corporation of the State of
    Washington,
13

14             Defendants.

15      TO DEFENDANT: Michael Boggs

16
        A lawsuit has been started against you in the above-entitled court by plaintiff Andrew
17
    Rutherford in the written complaint, a copy of which is served upon you with this summons.
18
        In order to defend against this lawsuit, you must respond to the complaint by stating your
19
    defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20
20
    days after the service OF summons, excluding the day of service, or a default judgment may be
21
    entered against you without notice. A default judgment is one where the plaintiff is entitled to
22
    what thy ask for because you have not responded. If you serve a notice of appearance on the
23

**SUMMONS Boggs- 1**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you OF this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 OF the Superior Court Rules of the State OF Washington.

DATED this _4th_ day of September, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____
Jay H. Krulewitch, WSBA# 17612
Attorney for Andrew Rutherford

**SUMMONS Boggs- 2**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

FILED

09 SEP 04 PM 4:30

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

## IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ANDREW RUTHERFORD,<br><br>          Plaintiff<br><br>          vs.<br><br>JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN CHIN, MICHAEL BOGGS individually, and in his official capacity, CITY OF SEATTLE, a municipal corporation of the State of Washington,<br><br>          Defendants. | NO.<br><br>**SUMMONS** |

TO DEFENDANT: City of Seattle

A lawsuit has been started against you in the above-entitled court by plaintiff Andrew Rutherford in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after the service OF summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what thy ask for because you have not responded. If you serve a notice of appearance on the

SUMMONS City of Seattle- 1

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the undersigned attorney. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you OF this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 OF the Superior Court Rules of the State OF Washington.

DATED this 4th day of September, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____
Jay H. Krulewitch, WSBA# 17612
Attorney for Andrew Rutherford

SUMMONS City of Seattle- 2

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

**Exhibit 5**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

FILED

09 NOV 09 PM 1:03

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-32863-3 SEA

IN THE KING COUNTY SUPERIOR COURT FOR THE STATE OF WASHINGTON

| | |
|---|---|
| ANDREW RUTHERFORD,<br><br>       Plaintiff<br><br>       vs.<br><br>JASON MCKISSACK, JOSHUA RUREY, NATHAN PATTERSON, JONATHAN CHIN, MICHAEL BOGGS individually, and in his official capacity, CITY OF SEATTLE, a municipal corporation of the State of Washington,<br><br>       Defendants. | NO. 09-2-32863-3<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, Andrew Rutherford, by and through his attorney, Jay H. Krulewitch, and alleges as follows:

## I. JURISDICTION

1.1     This Court has concurrent jurisdiction over plaintiffs' federal civil rights claims under Title 42, United States Code § 1983.

1.2     This Court has jurisdiction over plaintiffs' state law claims and over defendants as to such claims.

1.3     The acts and omissions complained of herein occurred in King County, Washington, and the defendants are residents and citizens of the state of Washington.

PLAINTIFF'S AMENDED
COMPLAINT FOR DAMAGES - 1

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1.4    Plaintiffs are residents and citizens of the state of Washington.

II.    VENUE

2.1    Venue is predicated upon the fact that the acts complained of occurred in King County, Washington.

III.    PARTIES

3.1    Plaintiff Andrew Rutherford is a single male person who, at all times material to this action, resided in the City of Seattle, in King County, Washington.

3.2    Defendant Jason McKissack, at all times material to this cause of action, was employed as a police officer for the City of Seattle, Washington, acting under color of state law, and pursuant to his authority as a police officer.  He is being sued in his official and his individual capacity.

3.3    Defendant Joshua Rurey, at all times material to this cause of action, was employed as a police officer for the City of Seattle, in King County Washington, acting under color of state law, and pursuant to his authority as a police officer.  He is being sued in his official and his individual capacity.

3.4    Defendant Nathan Patterson, at all times material to this cause of action, was employed as a police officer for the City of Seattle, in King County Washington, acting under color of state law, and pursuant to his authority as a police officer.  He is being sued in his official and his individual capacity.

3.5    Defendant Michael Boggs, at all times material to this cause of action, was employed as a police officer for the City of Seattle, in King County Washington, acting under color of state law, and pursuant to his authority as a police officer.  He is being sued in his official and his

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 2**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1    individual capacity.

2         3.6     Defendant Jonathan Chin, at all times material to this cause of action, was

3    employed as a police officer for the City of Seattle, in King County Washington, acting under color

4    of state law, and pursuant to his authority as a police officer.  He is being sued in his official and his

5    individual capacity.

6         3.7     The City of Seattle, at all times material to the cause of action, has been a

7    legitimate municipal city government or political subdivision recognized under the laws of the State

8    of Washington, acting under color of state law.  The City of Seattle Police Department is an agency

9    of the City of Seattle, duly authorized to provide law enforcement services to the citizens of the City

10   of Seattle, in the State of Washington.

11

12              IV.    FACTUAL BACKGROUND

13        4.1     On September 9, 2007 Mr. Rutherford was working as a videographer for a

14   video shoot for some local musical artists. At approximately 2:00 a.m., Mr. Rutherford was finished

15   working and was given a ride home by Jared Alfonzo, who also offered to take Myo Thant, another

16   friend of Mr. Rutherford's, home. Mr. Alfonzo decided to take Mr. Thant home first, followed by

17   Mr. Rutherford.  The three friends left from the Capital Hill area of Seattle.  Mr. Alfonzo proceeded

18   to drive onto the West Seattle Freeway, took the Delridge Way S.W. Exit, and eventually made his

19   way to Andover Street, a dead-end street, to drop off Mr. Thant.  Mr. Rutherford was in the front

20   passenger seat, Mr. Thant was in the rear seat, and Mr. Alfonzo was the driver.

21        4.2     As the three friends approached Mr. Thant's home to drop him off, which

22   was on Andover Street, they parked in front of Mr. Thant's house and began to exit the vehicle.  At

23   that time, Mr. Thant had exited first and was talking to someone who had parked behind his vehicle.

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 3**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Mr. Alfonzo and Mr. Rutherford then exited and began to walk towards the entrance of Mr. Thant's

house when they heard Mr. Thant talking to this other person.  Mr. Alfonzo and Mr. Rutherford

thought Mr. Thant knew this person.  This person was not in any kind of uniform, nor was he

driving a designated Seattle Police Department Patrol Vehicle.  At this time, they had no idea he

was a Seattle Police Officer.  Mr. Rutherford later learned that this person was Jonathan Chin.

   4.3 All of a sudden, Mr. Thant was thrown onto the hood of the vehicle.  At this

point, both Mr. Alfonzo and Mr. Rutherford began to ask what was going on?  Then this person,

drew his gun and pointed it at both Mr. Alfonzo and Mr. Rutherford.  At this point, this person said

he was a Seattle Police Officer and told Mr. Alfonzo and Mr. Rutherford to sit down on the ground

right where they were, which, for Mr. Rutherford, happened to be in the middle of the street.  Mr.

Alfonzo sat down on the side of the street, but not far from Mr. Rutherford.  At this point, this

person, Jonathan Chin was on his phone making a call.

   4.4 The next thing Mr. Rutherford knew, police lights were coming over the hill.

A police vehicle was coming towards them at a high rate of speed and Mr. Rutherford was worried

that he was going to be hit by this vehicle.  So, Mr. Rutherford stood up to move over to the side of

the street.  At that point, one or more Seattle Police Officers grabbed Mr. Rutherford and told him to

get back on the ground.  As Mr. Rutherford was trying to comply with that request, all of a sudden,

he began to feel all sorts of blows, hitting him in the head, face, chest, and legs, which were coming

from one or more Seattle Police Officers.  There were a lot of bodies on top of Mr. Rutherford,

pinning him down.  Mr. Rutherford's head felt like it was being crushed or physically smashed into

the ground.  For a brief time, Mr. Rutherford passed out and was unconscious.

   4.5 Next, Mr. Rutherford was pulled up from the ground.  Then Mr. Rutherford

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 4**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

was put in handcuffs.  Mr. Rutherford was examined by one or more officials with the Seattle Fire Department.  Sometime after the fire department officials completed their examinations, he was taken to Harborview Medical Center by ambulance for further examination and treatment.  While being transported to Harborview, Mr. Rutherford's arms and legs were restrained as he was on the Gurney.  Sometime after he was transported to Harborview Medical Center, Mr. Rutherford was released from the restraints on his arms and legs. Eventually, he was released from Harborview Medical Center.

4.6     As a result of this incident, Mr. Rutherford suffered a variety of physical injuries and other damages.

4.7     As a result of this incident, Mr. Rutherford was prosecuted by the City of Seattle Attorney's Office for a charge of Obstructing a Public Servant under Case Number 512269, which was filed in Seattle Municipal Court.  Despite the efforts of his attorney to get this matter dismissed, the City of Seattle Attorney's Office refused to dismiss the case against Mr. Rutherford until just prior to trial.  Mr. Rutherford was arraigned on this criminal case on or about November 20, 2007.  This criminal case was dismissed on or about July 17, 2008.

4.8     Mr. Rutherford filed a timely notice of claim against the City of Seattle on or about February 12, 2009.

V.     FIRST CAUSE OF ACTION: UNCONSTITUTIONAL ARREST AND IMPRISONMENT OF PLAINTIFF UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. SECTION 1983

5.1     Plaintiff repleads the allegations contained in paragraphs 1 through 16 of this complaint, and incorporates the same by reference as if fully set forth herein.

5.2     The acts and omissions of defendants herein were done under color of state

PLAINTIFF'S AMENDED
COMPLAINT FOR DAMAGES - 5

ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

law, a policy, custom, and/or usage.

5.3    Andrew Rutherford was wrongfully detained and taken into physical custody in violation of his federally-protected right, under the Fourth Amendment, to be free from such a wrongful arrest and seizure of his person without probable cause.

5.4    The acts and omissions of defendants herein proximately caused the deprivation of Mr. Rutherford's Fourth Amendment rights.

5.5    Defendants Jason McKissack, Joshua Rurey, Nathan Patterson, Jonathan Chin and Michael Boggs were acting in concert with the Defendant Seattle Police Officers (described above).  As a result, Defendants McKissack, Rurey, Patterson, Chin and Boggs, as well as their employer, Seattle Police Department, are also liable for violating Mr. Rutherford's right to be free from such a wrongful injuries and seizure of his person without probable cause.

5.6    As a result of the acts and omissions of defendants and the deprivation of Plaintiff's Fourth Amendment rights, Plaintiff has suffered personal injuries including, but not limited to physical injuries, mental anguish, emotional distress, pain and suffering, punitive damages, reasonable attorney's fees, costs, and other damages as allowed by law.

VI.    SECOND CAUSE OF ACTION: VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE UNDER42 U.S.C. SECTION 1983

6.1    Plaintiff hereby incorporates and realleges as if fully set forth herein each and every allegation of paragraphs 1 through 22.

6.2    The acts and omissions of defendants herein were done under color of state law, a policy, custom or usage.

6.3    Andrew Rutherford had a federally-protected right, under the Fourth

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 6**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

1     Amendment, not to be subjected to the use of unreasonable force against his person.

2           6.4     The acts and omissions of defendants herein proximately caused the

3     deprivation of Mr. Rutherford's Fourth Amendment rights by inflicting unreasonable force against

4     his person.

5           6.5     As a proximate result of the acts and omissions of defendants and the

6     deprivation of plaintiff's Fourth Amendment rights, plaintiff has suffered personal injuries including

7     physical injuries, mental anguish, emotional distress, pain and suffering, punitive damages,

8     reasonable attorney's fees, costs, and other damages as allowed by law.

9           VII.     THIRD CAUSE OF ACTION:

10                 FALSE ARREST AND IMPRISONMENT

11           7.1     Plaintiff repleads the allegations contained in paragraphs 1 through 34 of this

12     complaint, and incorporate the same by reference as if fully set forth herein.

13           7.2     Defendants McKissack, Rurey, Patterson, Chin and Boggs committed the

14     common law tort of false arrest and/or false imprisonment against plaintiff by falsely arresting him

15     and imprisoning him without probable cause and/or legal justification to do so, in violation of his

16     rights under the laws, statutes, and Constitution of the State of Washington, causing plaintiff to

17     suffer injuries as a result.

18           7.3     Defendant City of Seattle is liable for the actions of Defendants McKissack,

19     Rurey, Patterson, Chin and Boggs under the doctrine of *respondeat superior*.

20           7.4     As a direct, proximate and foreseeable result of the wrongful actions

21     described above, plaintiff has suffered personal injuries including, but not limited to permanent

22     physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, and other

23     damages as allowed by law.

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 7**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

VIII.   FOURTH CAUSE OF ACTION:
        ASSAULT AND BATTERY

8.1   Plaintiffs hereby incorporate and reallege as if fully set forth herein each and every allegation of paragraphs 1 through 38.

8.2   Defendants McKissack, Rurey, Patterson, Chin and Boggs wrongfully assaulted and battered plaintiff during the course of the incident.

8.3   Defendant City of Seattle is liable for the actions of Defendants McKissack, Rurey, Patterson, Chin and Boggs under the doctrine of *respondeat superior.*

8.4   As a direct, proximate and foreseeable result of the wrongful actions described above, plaintiff has suffered personal injuries including, but not limited to permanent physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, and other damages as allowed by law.

IX.   FIFTH CAUSE OF ACTION: MALICIOUS PROSECUTION

9.1   Plaintiff repleads the allegations contained in paragraphs 1 through 42 of this complaint and incorporates the same by reference as if fully set forth herein.

9.2   Plaintiff has a right to be free from malicious prosecution.  The City of Seattle committed the tort of Malicious Prosecution where a) the prosecution of Mr. Rutherford was malicious and was instituted by defendant City of Seattle, b) there was a lack of probable cause for the institution or continuation of this prosecution, c) these proceedings were instituted or continued through malice, d) these proceedings were terminated on the merits or abandoned in favor of Mr. Rutherford, and e) Mr. Rutherford suffered injuries and damages as a result of this prosecution.

9.3   As a direct and proximate result of defendant City of Seattle's malicious prosecution of Mr. Rutherford in this matter, he has suffered personal injuries inclu

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 8**

MICHAEL KREITMAN
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

limited to, pain and suffering, emotional distress, loss of enjoyment of life, and other damages as allowed by law.

X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Andrew Rutherford prays for the following relief, jointly and severally, against all of the above-named defendants:

A)   Full Compensatory Damages including, but not limited to, physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, and other damages as allowed by law;

B)   Punitive damages pursuant to 42 U.S.C. §1983, §1988, and related statutes, and where allowed under the Washington Constitution, statutes, and case law;

C)   Reasonable Attorneys' Fees pursuant to 42 U.S. C. §1988, and/or Washington Statutes and/or case law;

D)   Costs;

E)   Prejudgment Interest;

F)   And for such other and further relief to be proven as the time of trial and as the court deems just and equitable.

DATED this 9th day of November, 2009.

JAY H. KRULEWITCH, ATTORNEY AT LAW

By _____
Jay H. Krulewitch WSBA# 17612
Attorney for Plaintiff

**PLAINTIFF'S AMENDED**
**COMPLAINT FOR DAMAGES - 9**

JAY H. KRULEWITCH
ATTORNEY AT LAW
710 Second Avenue
Suite 700
Seattle, WA 98104
PHONE (206) 233-0828
FAX (206) 628-0794

**Exhibit 6**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

1

The Honorable Suzanne M. Barnett

2

3

4

5

6

7                          SUPERIOR COURT OF WASHINGTON
                                IN AND FOR KING COUNTY
8

ANDREW RUTHERFORD,
9                                                    NO. 09-2-32863-3

                               Plaintiff,
10                    v.                              NOTICE OF APPEARANCE

11    JASON MCKISSACK, JOSHUA RUREY,
      NATHAN PATTERSON, JONATHAN CHIN,
      MICHAEL BOGGS, CITY OF SEATTLE,
12                                                   [CLERK'S ACTION REQUIRED]

13                             Defendants.

14
      TO:          The Clerk of the Above-Entitled Court
15
      AND TO:      Plaintiff and Plaintiff's attorney
16
             YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that Defendant CITY
17
      OF SEATTLE hereby appears in the above-entitled action without waiving the questions
18
      of:
19
             1.      Lack of jurisdiction over the subject matter;
20
             2.      Lack of jurisdiction over the person;
21
             3.      Improper venue;
22
             4.      Insufficiency of process;
23
             5.      Insufficiency of service of process;

NOTICE OF APPEARANCE - 1
PENDING Rutherford v City 461622

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900 FAX 206.624.6885

1    6.    Failure to state a claim upon which relief may be granted; and

2    7.    Failure to join a party under Rule 19.

3         YOU ARE FURTHER NOTIFIED that all further papers and pleadings herein,

4    excepting original process, shall be served upon the undersigned attorneys at the address

5    stated below.

6         DATED this 17th day of November, 2009.

7                                  STAFFORD FREY COOPER

8

9                          By: _____

10                               Ted Buck, WSBA #22029
                                 Tobin E. Dale, WSBA #29595
11                               Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 2
PENDING Rutherford v City 461622

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900  FAX 206.624.6885

1

## Certificate of Service

2    The undersigned certifies under the penalty of perjury according to the laws of the
     United States and the State of Washington that on this date I caused to be served in the
3    manner noted below a copy of this document entitled NOTICE OF APPEARANCE on
     the following individual:

4
     Jay H. Krulewitch
5    710 Second Avenue, Suite 700
     Seattle, WA  98104
     (206) 233-0828
6    FAX: (206) 628-0794
         Attorneys for Plaintiff Andrew
7    Rutherford

8
     [X] Via Messenger
9

10
     DATED this 17th day of November, 2009, at Seattle, Washington.
11

12

13                                          Sally Phillips

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 3
PENDING Rutherford v City  461622

**Exhibit 7**
Verification of State Court Records
Andrew Rutherford v. City of Seattle, et al.

## WASHINGTON COURTS

**Courts Home | Search Case Records**                     Search | Site Map | [?] | eService Center

| Home | Summary Data & Reports | Request a Custom Report | Resources & Links | Get Help |

# Superior Court Case Summary

**Court:** King Co Superior Ct
**Case Number:** 09-2-32863-3

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|--------------------|-----------|
| 1 | 09-04-2009 | CMP | Complaint | |
| 2 | 09-04-2009 | *ORSCS JDG0046 | Set Case Schedule Judge Suzanne M. Barnett Dept 46 | 02-28-2011ST |
| 3 | 09-04-2009 | CICS LOCS | Case Information Cover Sheet Original Location - Seattle | |
| 4 | 09-04-2009 | SM | Summons | |
| 5 | 09-04-2009 | SM | Summons | |
| 6 | 09-04-2009 | SM | Summons | |
| 7 | 09-04-2009 | SM | Summons | |
| 8 | 09-04-2009 | SM | Summons | |
| 9 | 09-04-2009 | SM | Summons | |
| 10 | 09-04-2009 | CICS | Case Information Cover Sheet | |
| 12 | 11-17-2009 | NTAPR | Notice Of Appearance /city | |
| 13 | 11-20-2009 | AFSR | Affidavit/dclr/cert Of Service | |

## About Dockets

You are viewing the case docket or case summary. Each Court level uses different terminology for this information, but for all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calender their caseloads on local systems, this search tool cannot diplay superior court calendering information.

## Contact Information

King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
**Map & Directions**
206-296-9100[Phone]
206-296-0986[Fax]
**Visit Website**
206-205-5048[TDD]

## Disclaimer

This information is provided for use as reference material and is <u>not</u> the official court record. The official court record is maintained by the **court of record**. Copies of case file documents are not available at this website and will need to be ordered from the **court of record**.

The Administrative Office of the Courts, the Washington State Courts, and the Washington State County Clerks :

1) Do not warrant that the information is accurate or complete;

2) Do not guarantee that information is in its most current form;

3) Make no representations regarding the identity of any person whose name appears on these pages; and

4) Do not assume any liability resulting from the release or use of