1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10   ANDREW RUTHERFORD,                          CASE NO. C09-1693 MJP

11                        Plaintiff,             ORDER GRANTING IN PART AND
                                                 DENYING IN PART DEFENDANTS'
12         v.                                    MOTION FOR SUMMARY
                                                 JUDGMENT AND DENYING
13   JASON McKISSACK et. al.,                    PLAINTIFF'S MOTION FOR
                                                 PARTIAL SUMMARY JUDGMENT
14                        Defendants.

15

16         This comes before the Court on Defendants' motion for summary judgment (Dkt. No. 65)

17   and Plaintiff's motion for partial summary judgment (Dkt. No. 59).  Having reviewed the

18   motions, the responses (Dkt. No. 73 and 78), the replies (Dkt. No. 76 and 81), and all related

19   filings, the Court DENIES Plaintiff's motion for partial summary judgment and GRANTS in part

20   and DENIES in part Defendants' motion for summary judgment.

21                                    **Background**

22         After midnight on September 9, 2007, Plaintiff Andrew Rutherford and friends Myo

23   Thant and Jared Alfonzo were riding in a Jeep driven by Alfonzo.  (Dkt. No 79-7 at 3.)  Alfonzo

24   ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 1

1    ran a red light in front of Defendant Jonathan Chin's car, forcing Chin to brake suddenly.  (Dkt.

2    No. 61 at 9.)  Chin, a Seattle Police Department officer, suspected the Jeep's driver of driving

3    while intoxicated ("DUI") or driving recklessly, and followed the Jeep even though he was off-

4    duty, out of uniform, and in his personal vehicle.  (Id. at 8–9.)

5           Chin observed items discarded out of the Jeep's windows as he followed it to West

6    Seattle, where he briefly lost sight of the Jeep.  (Id. at 13–14.)  Chin took this as evidence of

7    possible theft.  (Id. at 14.)  When Chin regained sight of the Jeep, it was parked and Plaintiff,

8    Alfonzo, and Thant were standing next to the Jeep.  (Id.)  Chin exited his car, confronted them

9    and identified himself as a police officer.  (Id. at 18.)  Chin claims Thant approached

10   aggressively, prompting Chin to draw his gun and ordered Thant to submit to a pat-down.  (Id. at

11   18–19.)  Chin then called for "fast backup"—a high priority request for assistance—and ordered

12   Plaintiff and his companions sit on the street in front of Chin's car.  (Id. at 20.)  In response to

13   Chin's questions, Alfonzo admitted to driving the Jeep.  (Id. at 21.)  Chin had not previously

14   been able to identify the driver.  (Id. at 17.)

15          Defendant Jason McKissack was the first officer responding to Chin's call for fast

16   backup.  (Dkt. No. 60-6 at 4.)  Plaintiff believed McKissack's rapidly approaching car would hit

17   him, and "jumped up and ran" to get out of its way.  (Dkt. No 60-7 at 2.)  When Plaintiff did not

18   comply with Chin's orders to sit back down, Chin grabbed Plaintiff's head to force him to the

19   ground.  (Dkt. No. 61 at 24.)  McKissack and Defendant Joshua Rurey, another responding

20   officer, exited their cars and assisted Chin in restraining Plaintiff.  (Id. at 25; Dkt. No. 66-2 at

21   29.)  McKissack pushed Plaintiff's face into the pavement with his hands and knee in the process

22   of handcuffing him, wounding Plaintiff's forehead.  (Dkt. No. 60-6 at 8–10.)  Arresting officers

23   photographed Plaintiff's injuries.  (Dkt. No. 63.)

24   ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 2

1  Defendant City of Seattle ("City Defendant") charged Plaintiff with obstructing a public officer,

2  but dismissed the charges without prejudice.  (Dkt. No. 60-8 at 2.)

3        Plaintiff filed suit against Chin, McKissack, and Rurey (collectively, "Officer

4  Defendants") in state court and Defendants removed to this Court based on federal question

5  jurisdiction.  Specifically, Plaintiff alleged the following Fourth Amendment violations: (1)

6  unlawful detention, (2) unlawful arrest, and (3) use of excessive force.  In addition, Defendants

7  sued under state law for (4) assault and battery, (5) false imprisonment, and (6) malicious

8  prosecution stemming from dismissed charges.  (Dkt. No. 4 at 9-12.)  Plaintiff also named the

9  City of Seattle ("City Defendant") as a defendant based on <u>Monell</u> and vicarious liability.  By

10  stipulation, the state tort law claims against the Officer Defendants were dismissed.  (Dkt. No.

11  27.)

12                                    **Analysis**

13  I.      <u>Motion for Summary Judgment</u>

14        Defendants seek summary judgment with respect to all six of Plaintiff's remaining

15  constitutional and state tort claims.  Plaintiff seeks partial summary judgment on his

16  constitutional claims for (1) detention without reasonable suspicion and (2) arrest without

17  probable cause.

18        Summary judgment is proper if the pleadings, depositions, answers to interrogatories,

19  admissions on file, and affidavits show that there are no genuine issues of material fact for trial

20  and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Material

21  facts are those "that might affect the outcome of the suit under the governing law." <u>Anderson v.</u>

22  <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The underlying

23  facts are viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec.</u>

24  ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 3

1    Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

2    The party moving for summary judgment has the burden to show initially the absence of a

3    genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159, 90

4    S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its initial burden, the burden

5    shifts to the nonmoving party to establish the existence of an issue of fact regarding an element

6    essential to that party's case, and on which that party will bear the burden of proof at trial.

7    Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

8        A.  Claims Against Officer Defendants

9            1.  Unlawful Detention

10        Both parties seek summary judgment on Rutherford's Fourth Amendment claim for

11   unlawful detention.  Officer Defendants assert qualified immunity bars Plaintiff's claims.  The

12   Court agrees.

13        "The doctrine of qualified immunity protects government officials 'from liability for civil

14   damages insofar as their conduct does not violate clearly established statutory or constitutional

15   rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808,

16   815 (2009)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  "The protection of

17   qualified immunity applies regardless of whether the government official's error is a mistake of

18   law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. (quotation

19   omitted).

20        To determine whether qualified immunity applies, the Court has discretion in applying

21   one or both steps of a two-step inquiry set out in Saucier v. Katz, 533 U.S. 194, 201 (2001).

22   Pearson, 129 S. Ct. at 818.  The two-step inquiry considers whether the plaintiff has alleged a

23   violation of a constitutional right and/or whether the right at issue was "clearly established" at

24   ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 4

1  the time of the alleged misconduct.  Id. at 815-16.  To be considered "clearly established" for the

2  purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a

3  reasonable official would understand that what he is doing violates that right." Anderson v.

4  Creighton, 483 U.S. 635, 640 (1987).

5      Rutherford's claim fails at the first-step of the inquiry—he fails to demonstrate a

6  constitutional violation.  The Fourth Amendment allows police to seize a suspect if there is

7  reasonable suspicion that the suspect has been or is about to be involved in a crime.  United

8  States v. Hall, 974 F.2d 1201, 1204 (9th Cir. 1992).  Reasonableness is determined looking at the

9  totality of circumstances and the officers' collective knowledge, training, and experience.  Id.

10 Notably, in Maryland v. Wilson the Supreme Court held police may order passengers out of a car

11 during a traffic stop without triggering a Fourth Amendment violation.  519 U.S. 408, 410

12 (1997).  In addition, the Ninth Circuit allows police to "detain passengers during a traffic stop,

13 whether it is by ordering the passenger to remain inside the automobile or by ordering the

14 passenger to get back into an automobile that he or she voluntarily exited." United States v.

15 Williams, 419 F.3d 1029, 1032 (9th Cir. 2005).  Citing Wilson, the Ninth Circuit recognized the

16 "value of giving officers control over the movements of people involved in a traffic stop as

17 helpful in limiting the risk of danger."  Id. at 1034.

18     Here, Chin had reasonable suspicion that Plaintiff was the Jeep's driver and possibly

19 intoxicated when he detained Plaintiff.  (Dkt. No. 61 at 15–16.)  Chin observed Plaintiff standing

20 next to a Jeep which he had observed being driven recklessly.  While Plaintiff argues Chin's

21 basis for reasonable suspicion ceased when Alfonzo admitted to being the Jeep's driver, the

22 Court disagrees.  As Chin states, it is often difficult to identify the driver when there are several

23 vehicle occupants because people sometimes lie to cover for drunken drivers.  (Dkt. No. 66, Ex.

24 ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 5

1   4 at 71.)  The situation faced by Chin presented the same concerns recognized in <u>Wilson</u> and

2   <u>Williams</u>: the necessity of police to assert control when there are passengers in addition to the

3   driver of a stopped car.  <u>Wilson</u>, 519 U.S. at 414; <u>see also</u> <u>Williams</u>, 419 F.3d at 1034.  Since

4   Defendants had reasonable suspicion Plaintiff had been involved in a crime, the Court

5   DISMISSES Plaintiff's claim for unlawful detention under the Fourth Amendment.

6           2.  <u>Unlawful Arrest</u>

7           Both parties seek summary judgment on Rutherford's Fourth Amendment claim for

8   unlawful arrest.  Plaintiff claims he was unlawfully arrested (1) when Chin ordered him to sit on

9   the ground at gunpoint, and (2) when Chin and the other Officer Defendants forced Plaintiff to

10  the ground after Plaintiff stood and ran.  Defendants dispute the first event amounted to an arrest,

11  and argue that probable cause justified the arrest in either case.  The Court finds a factual dispute

12  exists as to when the arrest occurred and qualified immunity does not apply.

13          First, a warrantless arrest without probable cause violates the Fourth Amendment.  <u>Beck</u>

14  <u>v. Ohio</u>, 379 U.S. 89, 91 (1964).  Probable cause is determined at the moment of arrest, looking

15  at all circumstances known to the police.  <u>Id.</u>  When a detention becomes an arrest is a fact-

16  specific determination made looking to the totality of the circumstances.  <u>Washington v.</u>

17  <u>Lambert</u>, 98 F.3d 1181 (9th Cir. 1996).  Probable cause must be individualized to the specific

18  person arrested.  <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003). Unholstering guns and forcing

19  suspects to the ground both suggest arrest.  <u>Id.</u> at 1188–89.  However, "where the suspect is

20  uncooperative or takes action at the scene that raises a reasonable possibility of danger or flight"

21  aggressive police action may not convert detention into an arrest.  <u>Id.</u> at 1189 (listing non-

22  exclusive factors allowing intrusive police force).  In <u>Allen v. City of Los Angeles</u>, the Ninth

23  Circuit held no arrest had occurred even when police ordered a suspect at gunpoint to lie on the

24  ORDER GRANTING IN PART AND DENYING IN
    PART DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT AND DENYING PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 6

1   ground while being handcuffed.  66 F.3d 1052, 1057 (9th Cir. 1995).  Because the suspect had

2   led the police on a high-speed chase and was uncooperative and drunk when pulled over, the

3   force used was reasonable and did not convert the stop into an arrest.  Id.

4          Here, a factual dispute exists as to when the arrest occurred.  Defendants argue the gun

5   pointed at Plaintiff did not convert the investigatory stop into an arrest.  They argue Chin acted

6   reasonably when he drew his gun because of the reckless driving he observed while following

7   the Jeep, and Plaintiff and his companions' drunken aggressiveness when approached.  Chin

8   testifies after he identified himself as police, Thant approached him yelling "Oh SPD?" with his

9   arms raised "as if he were going to fight."  (Dkt. No. 70 at 4.)  According to Chin, when he drew

10  his gun Alfonzo and Plaintiff also advanced on him, yelling.  (Id.)  This version of events—both

11  Plaintiff's alleged behavior and Defendants' response—is similar to the facts in Allen.  It

12  supports finding no arrest occurred when Chin initially detained Plaintiff because the "possibility

13  of danger or flight" justified the force used.  Lambert, 98 F.3d at 1189.

14         Plaintiff's version, however, suggests he and his companions were cooperative and non-

15  violent during the encounter, and that Plaintiff was not drunk. (Dkt. No. 60-3 at 3, 5–6; Dkt. 79-7

16  at 3.) According to Plaintiff, Officer Defendants lacked the "special circumstances" allowing the

17  "especially intrusive means of effecting a stop" they employed.  Lambert, 98 F.3d at 1189.

18  Under this interpretation, Chin arrested Plaintiff when he first ordered Plaintiff to sit at gunpoint.

19  While Defendants argue that, even if an arrest was found at this time, probable cause existed as

20  to DUI or reckless driving, Defendants' argument fails to establish individualized probable

21  cause.  See Pringle, 540 U.S. at 371.  At that time, Alonzo had admitted to being the driver of the

22  Jeep.  While Chin may have had reasonable suspicion sufficient to initially detain Plaintiff, Chin

23  did not have individualized probable cause to believe Plaintiff was the driver of the Jeep.  Since

24  ORDER GRANTING IN PART AND DENYING IN
    PART DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT AND DENYING PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 7

1   Plaintiff's version of the facts demonstrates a violation of the Fourth Amendment and a factual

2   dispute exists, the Court finds summary judgment inappropriate.

3          Second, qualified immunity does not shield Defendants from liability.  As discussed,

4   Plaintiff demonstrated a constitutional violation satisfying the first step of the qualified immunity

5   analysis.  The Court finds Plaintiff also satisfies the second step because a reasonable officer

6   would have known arresting Plaintiff violated a clearly established right.  Even when there is

7   probable cause to believe a driver has committed a vehicular offense, "there is no such reason to

8   stop or detain the passengers."  <u>Wilson</u>, 519 U.S. at 413.  "Mere presence" near a suspected

9   crime does not create probable cause. <u>United States v. Soyland</u>, 3 F.3d 1312, 1314 (9th Cir.

10  1993).  Probable cause must be particularized to the specific person arrested.  <u>Ybarra v. Illinois</u>,

11  444 U.S. 85, 91 (1979).

12         Here, Plaintiff and his companions were standing outside the Jeep as Chin initially

13  approached.  Chin drew his gun when Thant approached Chin and arrested Thant along with

14  Plaintiff and Alfonzo.  A reasonable officer would not think Thant's approach created

15  individualized probable cause to arrest Plaintiff for a DUI or reckless driving.  There is not a

16  "sufficient link" between Plaintiff, who was standing outside the Jeep and maintains he was not

17  intoxicated, and the suspected criminal activity.  <u>Soyland</u>, 3 F.3d at 1314.  Chin admits he did not

18  have probable cause without further investigation at the time he approached.  (Dkt. No. 61 at 15.)

19  The Office of Professional Accountability ("OPA") review of the Officer Defendants' conduct

20  recommended supervisory intervention for Chin, noting concern with "the legal justification

21  Officer Chin had to require all three occupants to sit down on the ground."  (Dkt. No. 60-9 at 2–

22  3.)  The requirement of individualized probable cause was not met with regards to Plaintiff.

23  Since Plaintiff's constitutional right was clearly established, the Court finds qualified immunity

24  ORDER GRANTING IN PART AND DENYING IN
    PART DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT AND DENYING PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 8

1  does not apply.  The Court DENIES both parties' motions for summary judgment because a

2  factual dispute exists as to when the arrest occurred.

3       3.  <u>Excessive Force</u>

4       Defendants seek summary judgment on Plaintiff's Fourth Amendment claim of excessive

5  force, arguing the Officer Defendants' actions were reasonable under the circumstances and

6  asserting qualified immunity bars the claim.  The Court disagrees.

7       "Summary judgment in excessive force cases should be granted sparingly even with

8  respect to the issue of qualified immunity." <u>Luchtel</u>, 623 F.3d at 980 (quotes omitted).  Whether

9  police force during an arrest violates the Fourth Amendment is a question of objective

10 reasonableness, looking at the totality of circumstances.  <u>Luchtel v. Hagemann</u>, 623 F.3d 975,

11 989 (9th Cir. 2010).  Reasonableness is determined balancing the plaintiff's Fourth Amendment

12 interest against the countervailing government interest, looking to (1) the severity of the crime at

13 issue, (2) whether the plaintiff posed an immediate threat to the safety of the officers or others,

14 and (3) whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.  <u>Id.</u>

15 (citing <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).  Also relevant is (4) the quantum of force

16 used against plaintiff.  <u>Id.</u>  The second factor, the threat posed by the suspect, is the most

17 important.  <u>Smith v. City of Hemet</u>, 394 F.3d 689 (9th Cir. 2005).

18      Here, the first, second, and fourth factors weigh against summary judgment.  Under the

19 first factor, the only crimes suspected were DUI, reckless driving, and obstructing a public

20 servant.  All three crimes are generally gross misdemeanors under Washington law, and thus not

21 severe.  RCW 46.61.502(5); 46.61.500(1); RCW 9A.76.020(3); <u>see also</u> <u>Luchtel</u>, 623 F.3d at 981

22 (obstruction not a severe crime absent violent resistance).  Under the second factor, Plaintiff

23 testifies he did not resist the Officer Defendants as they subdued him and Defendants assert no

24 ORDER GRANTING IN PART AND DENYING IN
   PART DEFENDANTS' MOTION FOR SUMMARY
   JUDGMENT AND DENYING PLAINTIFF'S
   MOTION FOR PARTIAL SUMMARY
   JUDGMENT- 9

1  basis for believing him to be armed.  (Dkt. No. 66-1 at 13.)  Thus, the immediate threat he posed

2  to the safety of police officers and bystanders was minimal as Plaintiff was unarmed and

3  noncombative.  See Davis v. City of Las Vegas, 478 F.3d 1048, 1054 (9th Cir. 2007).  As to the

4  fourth factor, the Officer Defendants allegedly pointed a gun at Plaintiff, grabbed Plaintiff's

5  neck, forced him face-first onto the pavement, and proceeded to punch or kick him in the back

6  and leg and "crush" his head.  (Dkt. No. 66-1 at 9–10.)  Alfonzo testifies the Officer Defendants

7  hit or "planted" Plaintiff's face against the pavement.  (Dkt. No. 60-3 at 3.)  As a result, Plaintiff

8  briefly passed out and "saw stars."  (Id. at 13.)  A jury may find the quantum force used against

9  Plaintiff was excessive.

10        The third factor, resistance or attempted flight, weighs slightly in Defendants' favor at the

11  time Plaintiff stood and ran.  Plaintiff admits to making a "swift movement" as McKissack's car

12  approached.  (Dkt. No 66-1 at 9.)  Objectively, this would appear to a reasonable officer as flight.

13  However, Defendants do not gain the benefit of this factor at the time Chin first pointed his gun

14  at Plaintiff, which occurred before Plaintiff's apparent flight. Because the other factors—

15  including the most important, the threat posed by Plaintiff—cut against Defendants, a jury may

16  find the alleged conduct was not reasonable under the circumstances and amounted to excessive

17  force under the Fourth Amendment.

18        In addition, the Court finds qualified immunity does not apply--each of the Officer

19  Defendants' alleged conduct clearly violated established law.  Chin aimed his gun at Plaintiff,

20  and later "grabb[ing him] by the neck," forcing him to the ground.  (Dkt. No. 66-1 at 8–9.)  In

21  Robinson, the Ninth Circuit recognized, that "as a general principle" pointing a gun at an

22  unarmed, nonthreatening suspect during an investigation violates the Fourth Amendment.  278

23  F.3d at 1015.  Thus, Chin's alleged behavior violated established law.

24  ORDER GRANTING IN PART AND DENYING IN
    PART DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT AND DENYING PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 10

1    McKissack and Rurey's assistance in restraining Plaintiff may also be viewed as

2    excessive force.  Plaintiff's facts show McKissack "slamm[ing]" Plaintiff's face into the

3    pavement.  (Dkt. No. 60-3 at 3.)  Rurey admits to kicking at Plaintiff's foot to straighten out

4    Plaintiff's leg, and Plaintiff claims he sustained bruises from kicks to his leg.  (Dkt. Nos. 66-1 at

5    14; 66-2 at 31–32.)  The factors considered above were clearly established at the time of the

6    conduct.  Graham, 490 U.S. 386; Davis, 478 F.3d at 1055.  Under the Graham factors, no

7    reasonable officer would have thought slamming the face of an unresisting, nonthreatening

8    suspect into the pavement and kicking him was lawful.  See Davis, 478 F.3d at 1055.

9        The Court DENIES Defendants' motion for summary judgment with respect to excessive

10   force.

11      B.  Claims Against City Defendants

12          1.  Constitutional Claims

13       Defendants assert the City is not liable for Plaintiff's constitutional injuries whether

14   under a theory that an official policy existed or by ratification.  The Court agrees.

15              a.  Policy

16       A municipality is subject to § 1983 liability if it causes a constitutional violation through

17   an official policy.  Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978).  Liability for failing to

18   protect a plaintiff's constitutional rights requires showing (1) the plaintiff was deprived of a

19   constitutional right, (2) the municipality had a policy, (3) this policy amounts to deliberate

20   indifference to the plaintiff's constitutional right, and (4) the policy was the moving force behind

21   the constitutional violation.  City of Canton v. Harris, 489 U.S. 378, 388–91 (1989).  Plaintiff's

22   claim against the City fails on the second, third, and fourth elements.

23

24   ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 11

1    As to the second element, Plaintiff admits the Seattle Police Department has no specific

2    policy for off-duty police officers.  (Dkt. No. 78 at 20.)  Plaintiff's argument that this amounts to

3    a "no-policy" policy is unconvincing, because off-duty officers are still required to adhere to all

4    department policies even when off duty.  (Dkt. No. 79-6 at 9.)  As to the third element, Plaintiff

5    fails to suggest the "no policy" policy is an act of deliberate indifference on the policymakers'

6    part.

7    As to the fourth element, even if the no-policy theory were accepted, Plaintiff fails to

8    show how it was the moving force behind Plaintiff's constitutional injuries.  The OPA review by

9    Kathryn Olson concluded Chin put himself in an "unnecessary and potentially dangerous

10   situation" by engaging Plaintiff and his companions.  (Dkt. No. 60-9 at 3.)  Supervisory

11   intervention was proposed for Chin regarding exercise of discretion.  (Id.)  Plaintiff does not

12   show how existing policy can be the moving force behind Chin's conduct, while simultaneously

13   recommending supervisory intervention.  Plaintiff argues the City should have adopted a policy

14   similar to  the Model Policy of Off-Duty Conduct identified by Plaintiff's expert Donald Van

15   Blaricom, which recommends off-duty officers not become involved in minor crimes in which

16   they are involved.  (Dkt. No 64-1 at 5–6.)  This Model Policy would have done no more than

17   discourage Chin's actions, which the existing policy already does.  The Court finds no basis for

18   Monell liability.

19           b.    Ratification

20   A municipality is subject to § 1983 liability if an authorized policymaker (1) ratifies a

21   subordinate's unconstitutional behavior, and (2) approves the basis for the behavior.  Christie v.

22   Iopa, 176 F.3d 1231, 1238–39 (9th Cir. 1999) (citing City of St. Louis v. Praprotnik, 485 U.S.

23

24   ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 12

1    112, 127 (1988)).  Ratification is ordinarily a question for the jury.  Id. at 1239.  Plaintiff's claim

2    fails on the second element.

3          Here, Plaintiff argues the OPA report exonerating the Officer Defendants qualifies as

4    ratification.  (Dkt. No. 60-9.)  Relying on the declaration of Van Blaricom, Plaintiff argues the

5    OPA report creates the presumption that Seattle Police Department policy makers approved the

6    Officer Defendants' actions.  (Dkt. No. 64-1 at 8.)  However, there is no evidence that the Chief

7    of Police knew about the constitutional violation, as required for ratification.  See Praprotnik,

8    485 U.S. at 127; see also Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999).  As stated by the

9    OPA report preparer, the OPA report was not brought to the attention of the Chief of Police.  In

10   addition, the OPA report also proposed supervisory intervention for Chin regarding exercise of

11   discretion, which undermines Plaintiff's argument that it amounted to ratification. (Dkt. No. 60-

12   9.)  Since Plaintiff has failed to establish necessary elements of municipal liability under either

13   theory, the Court DISMISSES the constitutional claims against the City Defendant.

14         2.   State Tort Claims

15         Plaintiff also sued Defendants for assault and battery and false imprisonment under state

16   law.  While Plaintiff voluntarily dismissed Officer Defendants from the state tort claims, City

17   Defendant seeks summary judgment for claims remaining against the munipality.  Cf. Orrick v.

18   Fox, 828 P.2d 12, 19 (Wash.Ct.App. 1992)(recognizing plaintiff's ability to sue either employer

19   or employee or both together).

20         City Defendant argues any intentional torts by Officer Defendants were not committed

21   "in furtherance of the master's business," and therefore precludes liability.  Kuehn v. White, 24

22   Wn. App. 274, 277 (1979).  The Court disagrees.  Defendants' argument ignores Defendants'

23   admission that "Seattle Police Officers McKissack, Rurrey, Patterson, Boggs, and Chin were

24   ORDER GRANTING IN PART AND DENYING IN
     PART DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT AND DENYING PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY
     JUDGMENT- 13

1  employed as Seattle Police Officers by the City of Seattle and that they were acting within the

2  course and scope of their respective duties at all relevant times." (Dkt. No. 60-2 at 3, ¶ 3.)  The

3  cases relied on by Defendant only support the proposition that an employer is not liable for

4  intentional torts committed "in order to effect a purpose of [an employee's] own."  Blenheim v.

5  Dawson & Hall, 35 Wn. App. 435, 440 (1983).  Here, Defendants admit the purpose of the

6  Officer Defendants' actions was the City's.

7          To the extent City Defendant believes it is not vicariously liable given that officers

8  committed no tort, City Defendant's argument also fails.  As discussed above, it is debatable as

9  to whether the Officer Defendants had probable cause to arrest Plaintiff, or whether excessive

10  force was used.  City Defendant may still be liable for assault and battery and false imprisonment

11  under a theory of respondeat superior.  The Court DENIES Defendant's motion for summary

12  judgment on the state tort law claims.

13          3.  Malicious Prosecution

14          Defendants seek a determination that the City of Seattle did not maliciously prosecute

15  Plaintiff.  Defendants only raise a potential basis for granting this relief in their reply.

16          The State of Washington requires five elements to show malicious prosecution: the

17  prosecution must have been instituted or continued (1) by the defendant, (2) without probable

18  cause to do so, (3) and with malice; (4) the proceedings terminated on the merits in favor of the

19  plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the

20  prosecution.  Hanson v. City of Snohomish, 121 Wn.2d 552, 558 (1993).  Defendants argue the

21  claim fails because Plaintiff has not shown lack of probable cause, and assert Plaintiff has

22  defaulted by failing to substantively respond.  In their reply, Defendants also assert for the first

23  time the lack of evidence of malice.

24  ORDER GRANTING IN PART AND DENYING IN
    PART DEFENDANTS' MOTION FOR SUMMARY
    JUDGMENT AND DENYING PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY
    JUDGMENT- 14

1    As discussed above, a jury could conclude from Plaintiff's evidence there was no

2  probable cause to arrest him.  As for the lack of malice, though the record contains no evidence

3  of malice, Plaintiff has had no opportunity to respond because Defendants raise the argument for

4  the first time in their reply.  The Court grants Plaintiff leave to file a surreply before deciding the

5  issue.

6  II.    Motions to Strike

7      1.   Plaintiff's Motion to Strike

8        On Fed. R. Evid. 401 and 403 grounds, Plaintiff seeks to strike evidence referring to (1)

9  his alleged intoxication, (2) the Jeep's reckless driving, (3) the possibility Plaintiff drove the

10  Jeep, and (4) reference to witness unavailability as the reason for dismissing charges against

11  Plaintiff. (Dkt. No. 78 at 2–5.)

12       The first two items Plaintiff wishes struck are highly relevant in determining whether an

13  arrest took place.  Because Plaintiff was only a passenger in the Jeep, prejudice against drunken

14  drivers does not apply to him.  The third item, Chin's deposition testimony that he had basis to

15  believe Plaintiff drove the Jeep, is relevant to establishing probable cause to arrest Plaintiff for

16  DUI and reckless driving.  The information poses no danger of prejudice.  The fourth item,

17  Defendants' suggestion that charges against Plaintiff were dropped only because of McKissack's

18  unavailability as a witness, is unsupported by evidence and redundant.  At most this indicates

19  that the City of Seattle felt evidence of Plaintiff's aggression and resistance was strong.  Because

20  this other evidence is already before the Court, the City's evaluation adds nothing to this Court's

21  analysis.  The Court DENIES Plaintiff's motion to strike items (1), (2), and (3), and GRANTS

22  Plaintiff's motion to strike item (4).

23      2.   Defendant's Motion to Strike

24  ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 15

1    Defendants seeks to strike the opinion provided by Van Blaricom that "there was neither

2    reasonable suspicion to detain nor probable cause to arrest Plaintiff" as an impermissible legal

3    conclusion.  (Dkt. No. 64-1 at 7.)  Experts may give their opinions as to the ultimate issues of a

4    case, but not ultimate issues of law. Muhktar v. California State University, Hayward, 299 F.3d

5    1053, 1065 n.10 (9th Cir.2002).

6    Here, Van Blaricom expressly disclaimed any intent to offer opinions as to questions of

7    law.  (Id. at 3 ("My use of certain [legal] terms . . . merely reflects my training, in applying

8    reasonable standards of care to officers' conduct, and does not presume or imply a statement of

9    any legal opinion.")  Other courts considering Van Blaricom's similarly disclaimed testimony

10    have permitted it, but cautioned that at trial "both the questions posed to him and his answers

11    should avoid language in the form of a legal conclusion."  Estate of Bojcic v. City of San Jose,

12    No. C05 3877 RS, 2007 WL 3314008, at *3 (N.D. Cal. Nov. 6, 2007).  This course of action is

13    appropriate here.

14    The Court DENIES Defendants' motion to strike, but cautions Plaintiff and Plaintiff's

15    expert to avoid legally conclusory testimony at trial.

16    **Conclusion**

17    The Court DENIES Plaintiff's motion for partial summary judgment and GRANTS in

18    part and DENIES in part Defendants' motion for summary judgment.  Specifically, the Court

19    ORDERS:

20    1. Plaintiff's claim of unlawful detention against Officer Defendants be DISMISSED.

21       Plaintiff fails to demonstrate a constitutional violation.  While Plaintiff was later

22       discovered to be a passenger, Defendant had reasonable suspicion to detain Plaintiff

23       for driving under the influence and reckless driving.

24    ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT- 16

2.  With respect to Plaintiff's unlawful arrest claim against Officer Defendants, the parties' motions for summary judgment are both DENIED.  A factual dispute exists as to when Plaintiff was arrested and qualified immunity does not apply.

3.  Defendant's motion for summary judgment as to Plaintiff's excessive force claim against Officer Defendants is DENIED.  A factual dispute exists as to the force used against Plaintiff and qualified immunity does not apply.

4.  Plaintiff's constitutional claims against City Defendant (for unlawful detention, unlawful arrest, and excessive force) are DISMISSED.  Plaintiff fails to demonstrate City Defendant is liable under <u>Monell</u> or due to ratification.

5.  Defendants' motion for summary judgment as to state law claims is DENIED.  City Defendant admitted that Officer Defendants were acting within the scope of their employment at all times; therefore, respondeat superior applies.

6.  With respect to the malicious prosecution claim, Plaintiff is GRANTED LEAVE to file a surreply regarding the issue of malice.  The surreply must be filed within seven (7) days of entry of this Order.

7.  Plaintiff's request to strike evidence relating to Plaintiff's alleged intoxication, the Jeep's reckless driving and the possibility Plaintiff drove the Jeep, is DENIED.

8.  Plaintiff's request to strike reference to witness unavailability as the reason for dismissing charges against Plaintiff is GRANTED.

\\

\\

\\

\\

1     9.   Defendants' request to strike the opinion of Van Blaricom is DENIED.

2     The clerk is ordered to provide copies of this order to all counsel.

3     Dated this 25th day of March, 2011.

4

5

6                                        Marsha J. Pechman
7                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    ORDER GRANTING IN PART AND DENYING IN
      PART DEFENDANTS' MOTION FOR SUMMARY
      JUDGMENT AND DENYING PLAINTIFF'S
      MOTION FOR PARTIAL SUMMARY
      JUDGMENT- 18