1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ANDREW RUTHERFORD,

CASE NO. C09-1693 MJP

11

Plaintiff,

ORDER GRANTING SUMMARY
JUDGMENT ON PLAINTIFF'S
MALICIOUS PROSECUTION
CLAIM

12

v.

13

JASON McKISSACK, et. al.,

14

Defendants.

15

16    This comes before the Court on Defendants' motion for summary judgment (Dkt. No.

17 65.)  Having reviewed the motion, the response (Dkt. No. 78), the reply (Dkt. No. 81), the

18 surreply (Dkt. No. 92), and all related filings, the Court GRANTS Defendants' motion for

19 summary judgment regarding Plaintiff's malicious prosecution claim.

20                                    **Background**

21    On September 9, 2007, Plaintiff Andrew Rutherford and friends Myo Thant and Jared

22 Alfonzo were riding in a Jeep driven by Alfonzo.  (Dkt. No 79-7 at 3.)  Alfonzo ran a red light on

23 Capitol Hill in front of Defendant Jonathan Chin's car, forcing Chin to brake suddenly.  (Dkt. No.

24 61 at 9.)  Chin, a Seattle Police Department ("SPD") officer, suspected the Jeep's driver of

ORDER GRANTING SUMMARY JUDGMENT
ON PLAINTIFF'S MALICIOUS PROSECUTION
CLAIM- 1

1   driving while intoxicated ("DUI") or recklessly, and followed the Jeep even though he was off-

2   duty and out of uniform. (Id. at 8–9.) As Rutherford and his friends were exiting the vehicle,

3   Chin detained them and requested fast backup (Id. at 20.) Defendant Jason McKissack was the

4   first officer responding to Chin's call. (Dkt. No. 60-6 at 4.) Plaintiff believed McKissack's

5   rapidly approaching car would hit him, and "jumped up and ran" to get out of its way. (Dkt. No

6   60-7 at 2.) McKissack and Defendant Joshua Rurey, another responding officer, exited their cars

7   and assisted Chin in physically restraining Plaintiff. (Id. at 25; Dkt. No. 66-2 at 29.) Rutherford

8   was criminally charged with obstructing a public servant but the charges were eventually

9   dismissed in July 2008.

10          Rutherford is suing Defendants for unlawful arrest, excessive force, and various state tort

11   law violations, including malicious prosecution. Defendants sought summary judgment on all

12   claims, which the Court granted in part and denied in part. But, with respect to the malicious

13   prosecution claim, Defendants only raised the issue of lack of malice in their reply. The Court

14   invited Rutherford to submit a surreply.

15                                              **Analysis**

16          To maintain an action for malicious prosecution, the plaintiff must allege and prove the

17   following: (1) that the prosecution claimed to have been malicious was instituted or continued by

18   the defendant; (2) that there was want of probable cause for the institution or continuation of the

19   prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the

20   proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the

21   plaintiff suffered injury or damage as a result of the prosecution. Bender v. City of Seattle, 664

22   P.2d 492, 496 (Wash. 1983).

23

24

ORDER GRANTING SUMMARY JUDGMENT
ON PLAINTIFF'S MALICIOUS PROSECUTION
CLAIM- 2

1    The gist of an action for malicious prosecution rests on probable cause and malice.  Id.

2  Malice is satisfied by proving that the prosecution was undertaken from improper or wrongful

3  motives or in reckless disregard of the rights of the plaintiff.  Peasley v. Puget Sound Tug &

4  Barge Co., 13 P.2d 681, 501 (Wash. 1942).  Impropriety of motive may be established by proof

5  that defendant instituted the criminal proceedings (1) without believing him to be guilty, or (2)

6  primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private

7  advantage as against him.  Id.

8    Defendants argue for summary judgment because Rutherford fails to demonstrate either

9  want of probable cause and/or malice.  The Court disagrees with respect to probable cause.

10  When considering Rutherford's unlawful arrest claim, the Court determined a genuine issue of

11  material fact exists as to when Rutherford was arrested and whether probable cause existed for

12  his arrest.  (Dkt. No. 91.)  Nevertheless, the Defendants are correct in stating there is no evidence

13  of malice.  Rutherford argues his arrest without probable cause suggests malice.  But, "want of

14  probable cause . . . in itself will not justify [a plaintiff's] recovery of damages for malicious

15  prosecution."  Peasley, 13 P.2d at 501.  "He must go further and establish malice on the part of

16  the defendant, for want of probable cause without malice is of no avail."  Id.  Here, Rutherford

17  makes no showing that criminal proceedings were instituted without believing him to be guilty of

18  obstruction or primarily because of hostility or ill will toward him.  To the extent Rutherford

19  suggests criminal proceedings were instituted for the purposes of obtaining a tactical advantage

20  in a possible civil action, Rutherford provides no evidentiary support for the allegation.

21    Since Rutherford fails to demonstrate improper motive or malice in instituting the

22  criminal proceedings, the Court GRANTS Defendants' motion for summary judgment with

23  respect to the malicious prosecution claim.

24

ORDER GRANTING SUMMARY JUDGMENT
ON PLAINTIFF'S MALICIOUS PROSECUTION
CLAIM- 3

1

2                                    **Conclusion**

3          With respect to Rutherford's malicious prosecution claim, the Court GRANTS

4    Defendants' motion for summary judgment.

5          The clerk is ordered to provide copies of this order to all counsel.

6          Dated this 12th day of April, 2011.

7

8

9                                              _____
                                               Marsha J. Pechman
10                                             United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING SUMMARY JUDGMENT
ON PLAINTIFF'S MALICIOUS PROSECUTION
CLAIM- 4