UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW RUTHERFORD,

        Plaintiff,

  v.

JASON McKISSACK, et al.,

        Defendants.

CASE NO. C09-1693 MJP

ORDER GRANTING IN PART
MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on Plaintiff's motion for attorney's fees and costs. (Dkt. No. 181.) Having reviewed the motion, the response (Dkt. No. 185), the reply (Dkt. No. 188), and all related papers, the Court GRANTS the motion in part.

**Introduction**

Plaintiff Andrew Rutherford came before the Court to uphold his Fourth Amendment right to be free from illegal seizure and excessive force. After seven days of trial, the jury agreed with Rutherford that Defendant Officer Jonathan Chin, acting in his official capacity as a Seattle Police Officer, violated Rutherford's constitutional right to be free from illegal seizure. This single fact is not to be lost in the technical matters discussed below. Indeed, Defendants belittle

the significance of the jury's verdict by relentlessly focusing on the fact Rutherford did not convince the jury he suffered any physical or emotional damages for which money can compensate. That Rutherford obtained only one dollar in damages does not diminish the fact he vindicated his constitutional rights. Because of this victory, Rutherford is permitted to seek and obtain the reasonable attorney's fees and costs incurred in successfully prosecuting the matter. As explained below, Congress expressly authorized every successful litigant who defends constitutional rights pursuant to 42 U.S.C. § 1983 to seek attorney's fees and costs in order "to ensure that federal rights are adequately enforced." Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1671 (2010). In light of the jury's verdict, the Court finds that Defendants must pay the reasonable attorney's fees and costs, which are less than what Rutherford requests.

**Background**

The facts of the case are well known to the parties, and the Court repeats few of them here. Plaintiff Andrew Rutherford filed suit against several individual Seattle Police Department officers and the City of Seattle for events that occurred in the early morning hours of September 9, 2007. At trial, Rutherford pursued three Fourth Amendment claims brought pursuant to 42 U.S.C. § 1983, and two state law claims. Against Defendant Officer Jonathan Chin alone, Rutherford pursued two claims: unlawful seizure and unlawful arrest. Against Defendants Officers Chin, Jason McKissack, and Joshua Rurey, Rutherford pursued a claim of excessive force. Against the City, Rutherford presented two claims: false imprisonment and assault.

After a seven-day trial, the jury returned a unanimous verdict in favor of Plaintiff as to only one claim, unlawful seizure, and found for the individual defendants and the City on all other claims. As the one claim on which Plaintiff prevailed, the jury instructions stated that "plaintiff alleges that Defendant Chin deprived him of his rights under the Fourth Amendment to

the Constitution by exceeding the reasonable length and scope of the investigatory stop." (Dkt. No. 157 at 16.) On this claim the jury was instructed to consider Defendant Chin's actions "from when Plaintiff exited Mr. Alfonzo's vehicle up to the point Plaintiff got up from being seated on the roadway." (Id.) The jury found that Defendant Chin exceeded the reasonable length and scope of the investigatory stop. (Dkt. No. 171.) The jury did not award Rutherford any compensatory damages—that is, they did not find that he was harmed in a manner that could be compensated monetarily. The jury was instructed that if it did not find any compensatory damages, it had to award nominal damages. (Id. at 31 ("If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages . . . [that] may not exceed one dollar.").) This rule has long been the law in this Circuit. George v. City of Long Beach, 973 F.2d 706, 708 (9th Cir. 1992). Due to an error on the verdict form, however, the jury was given discretion whether to award no nominal damages and the jury awarded no nominal damages. (Dkt. No. 171 at 5.) The Court granted Plaintiff's motion for judgment notwithstanding the verdict to correct the verdict and awarded nominal damages in the amount of one dollar. (Dkt. No. 175.)

Rutherford now moves for an award of attorney's fees and costs in the total amount of $437,700.96. (Dkt. No. 181.)

**Analysis**

I. Governing Principles

Rutherford filed suit pursuant to 42 U.S.C. § 1983, a civil statute that has a long, rich history, which the Court briefly reviews.

    A.    Basic tenets of a § 1983 claim

"It would be difficult to imagine a statute more clearly designed 'for the public good' and 'to prevent injury and wrong' than § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 73 (1989) (Brennan, J., dissenting). Congress enacted § 1983 in 1871 as part of the Klu Klux Klan Act, to provide "a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position." Monroe v. Pape, 365 U.S. 167, 172 (1961), overruled on other grounds by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). "The roots of section 1983 go back to the Civil War, reflecting Congress' desire to provide a federal remedy against anyone using the power of state law to impinge on rights protected under the federal Constitution." Morgan v. Dist. of Columbia, 824 F.2d 1049, 1056 (D.C. Cir. 1987). And "[w]hile section 1983 has reaped its share of criticism for encouraging federal intervention in local affairs, it remains on the books as the workhorse of civil rights litigation." Id.

Those pursuing § 1983 claims seek to vindicate constitutional rights, and, in some instances to request monetary damages for physical or other compensable injuries they suffer as a result. Section 1983 claims sound in tort, and contain four elements similar to those of common law torts: duty, breach, causation, and damages. To succeed on a section 1983 claim, a plaintiff must show: (1) a violation of rights protected by the federal Constitution or created by federal law, (2) proximately caused (3) by the conduct of a person (4) who acted under color of law. A major difference between a § 1983 claim and a common law tort claim is that the plaintiff alleging a 1983 claim must only allege injury to a federally-protect right not an injury to the body or mind. For example, the loss of the ability to engage in free speech is actionable under § 1983 where the person depriving the plaintiff of such a right acts under color of law. See Berger v. City of Seattle, 569 F.3d 1029 (9th Cir. 2009) (en banc) (upholding section 1983 claim filed to enforce first amendment rights where no physical damages were alleged). This is

precisely because the aim of § 1983 is to "protect the people from unconstitutional action under color of state law 'whether that action be executive, legislative or judicial.'" Mitchum v. Foster, 407 U.S. 225, 242 (1972) (quoting Ex parte Virginia, 100 U.S. 339, 346 (1879)).

A successful plaintiff in a § 1983 case need not prove any compensatory damages at all in order to be victorious. Even where a plaintiff receives only nominal damages, the plaintiff is considered the prevailing party. "In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights." George, 973 F.2d at 708. The award of nominal damages is a "'a symbolic vindication of [the plaintiff's] constitutional right' whether or not the constitutional violation causes any actual damage." Id. (quoting Floyd v. Laws, 929 F.2d 1390, 1403 (9th Cir. 1991)). As the Supreme Court has explained "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Farrar v. Hobby, 506 U.S. 103, 113 (1992). The award of nominal damages creates a "material alteration of the legal relationship between parties" because "the plaintiff becomes entitled to enforce a judgment. . . ." Id. The reason is that "[a] plaintiff may demand payment for nominal damages no less than he may demand payment for millions of dollars in compensatory damages." Id. Thus, a plaintiff victorious on her § 1983 claim who seeks attorney's fees is not to be belittled simply because she did not receive a million-dollar verdict. See id.

B. Attorney's fees and § 1983

Congress has expressly permitted a successful § 1983 plaintiff to apply for and obtain an award of attorney's fees and costs. In 1976 Congress passed the Civil Rights Attorney's Fees Award Act to alter the general rule that each party bears its own attorney's fees and costs, and to provide that a prevailing party in certain civil rights actions may recover "a reasonable attorney's

fee as part of the costs." 42 U.S.C. § 1988. "Congress enacted 42 U.S.C. § 1988 in order to ensure that federal rights are adequately enforced." Perdue, 130 S. Ct. at 1671. "The congressional purpose in providing attorney's fees in civil rights cases was to eliminate financial barriers to the vindication of constitutional rights and to stimulate voluntary compliance with the law." Seattle Sch. Dist. No. 1. v. Washington, 633 F.2d 1338, 1348 (9th Cir. 1980) (citation omitted). Thus, a plaintiff who prevails on any claim brought pursuant § 1983 is deemed to be the prevailing party, and may request attorney's fees and costs.

Where nominal damages are awarded by the jury, the Court has discretion whether to award attorney's fees and costs. Farrar, 506 U.S. at 115. The Court is instructed to "give primary consideration to the degree of success achieved when it decides whether to award attorney's fees." Wilcox v. Reno, 42 F.3d 550, 554 (9th Cir. 1994). While the Court may award low fees or no fees at all, it should only do so where the verdict is a technical victory or where the award of fees would produce a windfall to the attorneys. Farrar, 506 U.S. at 115. The Ninth Circuit follows "the general rule, derived from Justice O'Connor's concurrence in Farrar, that '[i]f a district court chooses to award fees after a judgment for only nominal damages, it must point to some way in which the litigation succeeded, in addition to obtaining a judgment for nominal damage.'" Mahach-Watkins v. Depee, 593 F.3d 1054, 1059 (9th Cir. 2010) (quoting Wilcox, 42 F.3d at 555). That is, fees are appropriately awarded if "'the lawsuit achieved other tangible results—such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects.'" Guy v. San Diego, 608 F.3d 582, 589 (9th Cir. 2010) (quoting Wilcox, 42 F.3d at 555). The Ninth Circuit instructs the Court to consider three factors in determining "whether the plaintiff succeeded in some way beyond the judgment for nominal damages":

> First, the court should consider "[t]he difference between the amount recovered and the damages sought," which in most nominal damages cases will disfavor an award of fees. Farrar, 506 U.S. at 121 (O'Connor, J., concurring). Second, the court should consider "the significance of the legal issue on which the plaintiff claims to have prevailed." Id. Third, the court should consider whether the plaintiff "accomplished some public goal." Id. We have approved of the consideration of these factors in nominal damages cases. Cummings v. Connell, 402 F.3d 936, 947 (9th Cir. 2005);

Mahach-Watkins, 593 F.3d at 1059-60 (citation omitted). If the district court properly considers these three factors, "the resulting award [of attorney's fees] is not an abuse of its discretion." Id. at 1060 (quoting Cummings v. Connell, 402 F.3d 936, 947 (9th Cir. 2005)).

II.     An Award of Fees is Proper

The Court finds an award of attorney's fees and costs is appropriate in this case.

As an initial matter, the Court finds that Rutherford is the prevailing party. The jury found that Defendant Chin violated Rutherford's Fourth Amendment rights by exceeding the reasonable scope and length of the investigatory stop. Although the jury awarded no nominal or compensatory damages, the Court corrected the jury's verdict to follow Ninth Circuit law and awarded nominal damages of one dollar. Rutherford now has an enforceable judgment against Defendant Chin that alters the legal relationship of the parties. As the Supreme Court has stated, one who obtains even nominal damages is considered the prevailing party for purposes of 42 U.S.C. § 1988. Farrar, 506 U.S. at 111-12. Thus, Rutherford is a prevailing party and is entitled to seek attorney's fees and costs.

Considering the three factors set out in Mahach-Watkins, the Court finds an award of attorney's fees and costs merited in this case. The first factor weighs against Rutherford. Rutherford asked the jury to return a verdict of $300,000 in his favor, yet the jury awarded no compensatory damages at all. Defendants ask the Court to consider the fact Rutherford demanded $3 million early in this litigation and contrast this to the lack of any compensatory

damages awarded. Regardless of whether Rutherford requested $300,000 or $3 million, he still failed to obtain any compensatory damages he sought. This factor weighs notably against Rutherford. As to the second factor, the Court finds the significance of the issue litigated to be substantial and it weighs in favor of issuing fees. The question the jury decided was when an investigatory stop exceeds its permissible length and scope and converts into an unconstitutional seizure. This is an important legal issue, particularly because the line between a constitutional and unconstitutional investigatory stop is easily blurred. As the Ninth Circuit has recognized, the right to be free from illegal detention is an important legal issue. See Mahach-Watkins, 593 F.3d at 1062 (citing Piper v. Oliver, 69 F.3d 875, 877 (8th Cir. 1995)). The third factor also weighs strongly in favor of Rutherford. The jury's decision served an important public function by declaring Defendant Chin violated Rutherford's constitutional rights by exceeding the reasonable length and scope of the stop. Having a jury consider and determine the permissible length and scope of the investigatory stop in this case served an important role of providing feedback to law enforcement as to when the scope and length of a stop can be exceeded. The jury's verdict teaches Defendant Chin and other officers that an investigatory stop can convert into an unconstitutional seizure if the officer exceeds the length and scope needed to investigate the suspected offense. Here Defendant Chin, an off-duty officer with gun displayed, ordered Plaintiff to obey his demands while he investigated minor violations committed by the driver of a car now parked. Having considered all three factors, the Court finds that the balance tips in favor of an award of attorney's fees and costs.

The Court finds that Rutherford produced a tangible result beyond the receipt of nominal damages. See Guy, 608 F.3d at 589. The Court believes that the nominal damages and an award of fees and costs here encourages the City to train its officers in how to conduct themselves as

1  off-duty officers and to understand the limits of investigatory stops.  This is not unlike the

2  outcome in Guy, an excessive force case, where only nominal damages were awarded, but where

3  the court concluded that "a fee award serves a purpose beneficial to society by encouraging the

4  City of San Diego to ensure that all of its police officers are well trained to avoid the use of

5  excessive force, even when they confront a person whose conduct has generated the need for

6  police assistance."  Id.  The court in Guy reasoned that "[i]t is logical to expect, in the face of

7  this jury verdict, that the police department would take a closer look at the level of force used by

8  its police after they have subdued a suspect."  Id. at 590.  Here, the Court is of the opinion that an

9  award of fees and the jury's verdict will have a beneficial, remedial impact on the Department's

10 training polices and on Officer Chin.  It serves as a cautionary example of when and how an off-

11 duty officer whose authority cannot be recognized either through uniform or markings confronts

12 citizens.  Here the judgment exercised by the officer placed the officers and members of the

13 public in a dangerous setting.  Officer Chin failed to recognize that his individual conduct and

14 lack of judgment placed everyone, including his fellow officers, at risk.

15     In opposition to this conclusion, Defendants submit a declaration from the Assistant

16 Chief of Police, Dick Reed, in which he states that the jury's finding on claim one "has provided

17 the Department no basis to revisit current training protocols or policies."  (Dkt. No. 87 at 2.)  Just

18 as the court in Guy gave little weight to such a statement, the Court here cannot rely on this self-

19 serving declaration as the sole means of gauging whether the award of fees will have a remedial

20 effect.  593 F.3d at 1062.  It is a sad day when the Seattle Police Department cannot stop to

21 reflect upon the voices of citizen jurors who think that their conduct has overstepped the line or

22 contemplate a change when an officer's judgment is found wanting.  It should be a marker laid

23 down to police officers that their authority is not absolute and before deadly force is used or

24

1 displayed to gain compliance with their orders they must recognize that citizens hold precious

2 rights given to them by the Constitution that cannot be breached. The Assistant Chief's

3 statement also seems disingenuous because the Seattle Police Department conducted an internal

4 investigation into the incident and determined the Chin needed "supervisory intervention" and

5 remedial counseling. (Dkt. No. 185 at 8 (Defendants' opposition brief).) The Court therefore

6 finds the award of fees and costs proper in this matter because this litigation has accomplished a

7 public goal beyond the award of nominal damages, regardless of whether or not the department

8 is wise enough to take action.

III. Amount of Fees and Costs

While the Court finds the award of fees and costs proper in this case, it does not find the full amount requested reasonable.

Where nominal damages alone are awarded, it is within the Court's discretion to fashion an award of fees that is reasonable. See Farrar, 506 U.S. at 115. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." Id. at 114 (internal quotation omitted). Ultimately, the Court is to determine the award after considering the "amount and nature of the damages" without necessarily engaging in a lodestar or twelve factor evaluation as to reasonableness. Id. Both taxable and non-taxable costs may also be awarded under 42 U.S.C. § 1988. Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 580-81 (9th Cir. 2010). "[T]he courts have long held [that certain non-taxable costs] can be awarded as part of a reasonable attorneys' fee since they are typically charged to paying clients by private attorneys." Davis v. San Francisco, 976 F.2d 1536, 1556 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (1993). "[A]ttorneys' fees awards can include reimbursement for out-of-pocket expenses including the travel, courier and copying costs. . . ." Id.

After considering the degree of success and the amount and nature of the damages, the Court concludes that a reduced award from that requested is reasonable. The Court first notes that Rutherford enjoyed only limited success in the universe of claims he pursued. At trial, he prevailed on only one of the three federal claims he brought and neither of his two state law claims. He also prevailed against only one of the officers he sued. An award of all of the fees requested would therefore be unreasonable in light of the degree of success. As a starting point, the Court finds one-fifth of the fees requested a reasonable fraction by which to adjust the fees to reflect the level of success Rutherford had on his five claims. The Court then considers that this fraction does not necessarily reflect the amount of work and overall effort put in by counsel to obtain victory on the one claim. Counsel expended a significant amount of time on pretrial matters and motions practice in order to bring the case itself to trial. In order to prevail on claim one, Rutherford's counsel had to present nearly all of the same factual matters submitted to the jury that supported the other four claims. Indeed, there was little distinction in the presentation of the five claims to the jury. While the Court might adjust the fee upward on the basis of this work, the Court is also of the opinion that counsel spent a substantial amount of time that was excessive and/or duplicative. For example, the trial itself did not necessarily need the participation of two attorneys (a fact applicable to both Plaintiff and Defendants). While the Court recognizes that the additional manpower can be helpful, it was not necessary in this case. The Court also notes that the attorneys did little to develop the physical and emotional damages to the jury and, in fact, the physical injuries were short lived. Having considered the factors weighing in favor of an upward or downward adjustment in the fees, the Court finds that an award of one-fifth of the fees requested proper. Separately, the Court notes that the declaration

provided in support of the fees is of little to no value to the Court as it does not discuss whether the overall time expended was reasonable. (See Dkt. No. 182.)

After considering the degree of success, the hours reasonably expended, the billing records, and the overall quality of the presentation at trial by Plaintiff's counsel, the Court finds as a reasonable fee award $83,600. This is twenty percent of the amount requested, which primarily reflects the degree of success obtained by Rutherford at trial. It takes into consideration the number of claims on which Rutherford prevailed and the reasonable efforts necessarily required to obtain this result. While counsel sought $418,000 in fees, the award of one-fifth is reasonable and proper.

The Court also finds an award of costs to be proper, but not in the full amount requested. Plaintiff requests an award of costs to include: (1) the filing fee ($230.95), (2) photocopying (total $5399.87); (3) messenger services ($329.50); (4) medical record retrieval ($408.73); (5) Dave Snyder Investigation Services ($5157.17); (6) postage costs ($25.12); (7) court reporting costs ($6240.52); (8) parking ($170); (9) mediation costs ($982.50); (10) witness fee checks ($756.60). (Dkt. No. 179-3 at 8.) The filing fees, messenger fees, postage costs, mediation costs, parking, and witness fee checks appear reasonably incurred in this matter, and are awarded in their full amount. Plaintiff has failed, however, to provide any explanation of what the medical record retrieval or investigation services were or why they were performed. Without a proper basis on which to award these unexplained costs, the Court awards nothing for both requests. The photocopying fees incurred do not appear reasonable and are otherwise unexplained in the supporting declarations of counsel. The Court awards one-half of the amount requested—$2699.34—which is reasonable given that this was not a particularly document-heavy piece of litigation. Plaintiff has also failed to explain how the court reporting costs were

incurred. The court reduces the amount requested for such costs in the same manner that it did the attorney's fees requested (one-fifth). Without knowing why and for what purposes the reporting the costs were incurred, the Court reduces them to reflect the level of success Plaintiff obtained in this lawsuit as a measure of the reporting services' utility. The Court awards $1,248.11 for reporting costs. The Court thus awards a total of $6,442.12 in fees. These reflect the reasonably-incurred costs necessary for the presentation the claim on which Plaintiff prevailed.

**Conclusion**

Andrew Rutherford stepped into Court to enforce his Fourth Amendment right to be free from illegal seizure. After hearing his presentation, the jury agreed with Rutherford and concluded that Defendant Chin exceeded the length and scope of the investigative stop. Although Rutherford did not convince the jury he was entitled to any compensatory damages, he still emerges the prevailing party on his § 1983 claim. As the Supreme Court has instructed, Rutherford is the prevailing party precisely because he vindicated his Fourth Amendment rights. Farrar, 506 U.S. at 112. That he received only one dollar in damages does not diminish the meaning or force of his victory. As Justice Blackmun wrote, § 1983 is a "symbol and . . . working mechanism for all of us to protect the constitutional liberties we treasure." Harry A. Blackmun, Section 1983 and Federal Protection of Individual Rights—Will the Statute Remain Alive or Fade Away? 60 N.Y. U. L. Rev. 1, 29 (1985). Rutherford used that very mechanism to protect his constitutional rights and his success is not diminished in significance because he recovered no additional damages. This litigation has served a public good by airing a constitutional violation. Rutherford is thus entitled to a reasonable award of the attorney's fees and costs that were incurred in prosecuting the matter. The Court GRANTS the motion and

1  awards $83,600 in fees and $6,442.12 in costs.  Defendants are ORDERED to pay the sum of

2  $90,042.12 within 10 days of entry of this order.

3  The clerk is ordered to provide copies of this order to all counsel.

4  Dated this 4th day of August, 2011.

_____
Marsha J. Pechman
United States District Judge